311 So.2d 582 (1975)
Mary PEPE
v.
Elmer R. DROUANT, Sr.
No. 10211.
Court of Appeal of Louisiana, First Circuit.
April 1, 1975.
Irving Novick, New Orleans, for appellant.
Richard P. Massony, Covington, for appellee.
Before LOTTINGER and COVINGTON, JJ., and BAILES, J. Pro Tem.
*583 BAILES, Judge Pro Tem.
This matter is before us on an application for writs. Relator complains of the action of the trial court in overruling exceptions filed by him to the jurisdiction of the district court, of venue and of lis pendens directed to the "supplemental and amended" petition which his wife (respondent herein) filed in an action for a judgment of separation from bed and board.
In Articles 4 through 10 of the original petition filed in this action, respondent (plaintiff therein) alleged that her husband (relator herein) had committed against her certain acts of cruelty. These alleged acts of cruelty formed the basis for her cause of action against her husband. This petition for separation from bed and board was filed in the Twenty-second Judicial District Court of St. Tammany Parish on March 7, 1974.
Shortly thereafter the defendant-husband (relator herein) filed exceptions of no cause and no right of action to his wife's petition.
On June 19, 1974, alleging himself to be a domiciliary of Orleans Parish, relator filed a petition for a separation from bed and board against respondent in the Civil District Court of Orleans Parish, alleging that he and his wife (respondent) have voluntarily lived separate and apart since June 18, 1973, and prayed for a judgment of separation from bed and board on the ground of having lived separate and apart for one (1) year.
On June 28, 1974, relator's wife, the respondent, filed in the action she instituted against relator in the 22nd Judicial District Court of St. Tammany Parish what she styled a supplemental and amended petition. Therein she alleged that she and her husband had voluntarily lived separate and apart since June 18, 1973, and no reconciliation has taken place. Additionally, she alleged the deletion of Articles 4 through ten of her original petition, and lastly alleged that she was entitled to a separation from relator on the ground of one year separation.
It should be noted that the respondentwife's original petition set forth a cause of action for a separation from bed and board based on certain alleged acts of cruelty, and that the "supplemental and amended" petition deleted the alleged cruel acts as a ground for awarding her a judgment of separation from bed and board and substituted a different ground for a judgment of separation from bed and board. Further, it should be noted that between the filing of the original petition and the supplemental petition in the 22nd Judicial District Court of St. Tammany Parish, relator filed his action in Orleans Parish seeking a judgment of separation from bed and board.
Subsequent to the filing of the amended and supplemental petition by respondent, relator filed a pleading denominated "declinatory and dilatory exceptions to amended and supplemental petition." We find the declinatory exception based on LSA-C.C.P. Article 925(3) which provides:
"Pendency of another action between the same parties in the same capacities, on the same cause of action, and having the same object"
warrants the sustaining of the exception.
The trial judge after a hearing thereon overruled the exceptions filed by relator. It is this ruling of the trial court which gave rise to the application to this Court for supervisory writs.
LSA-C.C.P. Article 1153 provides:
"When the action or defense asserted in the amended petition or answer arises out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, the amendment relates back to the date of filing the original pleading."
and LSA-C.C.P. Article 1155 provides:
"The court, on motion of a party, upon reasonable notice and upon such terms as *584 are just, may permit mover to file a supplemental petition or answer setting forth items of damage, causes of action or defenses which have become exigible since the date of filing the original petition or answer, and which are related to or connected with the causes of action or defenses asserted therein."
What has happened herein as reflected by the original petition and the "amended and supplemental" petition, is this:
The plaintiff therein (respondent herein) filed suit for a judgment of separation from bed and board alleging, as a cause of action, certain acts of cruelty toward her by defendant (relator herein), then by the amended and supplemental petition she abandoned that alleged cause of action and alleged a different cause of action for a judgment of separation from bed and board.
The second petition of respondent cannot be regarded or treated as an amended petition for the reason that under LSA-C.C.P. Article 1153, supra, "the amendment relates back to the date of filing the original petition," however if it were to relate back to that date under the allegations of the second petition the cause of action alleged therein had not then occurred.
Consequently, the second petition, filed on June 28, 1974, under the terms of LSA-C.C.P. Article 1155, must be a supplemental petition setting up a different cause of action and the filing thereof cannot relate back to March 7, 1974, the date of filing the original petition. The law requires that we consider this cause of action of voluntary separation between the parties to state a cause of action for judgment of separation from bed and board as of June 28, 1974.
The declinatory exception based on LSA-C.C.P. Article 925(3) supra, should have been sustained by the trial court, as relator on June 19, 1974, prior to the filing of the supplemental petition by respondent, had filed his action for a judgment of separation from bed and board in Orleans Parish.
For the foregoing reasons, the judgment of the trial court dated October 16, 1974, wherein the declinatory exceptions were overruled is reversed and the trial court is ordered to sustain the declinatory exception and dismiss respondent's suit, at respondent's costs. The court costs incurred herein are assessed against respondent.
Writs granted.