GULOTTA, Judge.
In this writ application, the relator-husband complains that the trial judge erroneously issued an ex-parte order designating the effective date for termination of the community as the date of the filing of a second supplemental and amended petition for divorce (July 28, 1980), rather than the date of the earlier filed petition for separation from bed and board (July 27, 1979). Specifically, relator claims: 1) the notary was not the proper party to move the court for the determination of the effective date; *1004 2) a contradictory hearing should have been held by the trial judge before making a determination; and 3) the trial judge erroneously designated the effective date of termination as the date when the divorce petition was filed.
Based on the representations made in the writ application, we stayed further proceedings in the trial court pending consideration of the writ. We afforded opportunity to the respondent-wife and the notary to file a response, and ordered that the matter be further considered on oral argument.
In argument, relator contends that, absent a contradictory hearing, the trial court was denied the opportunity of considering evidence necessary to make a determination of the legal issue i.e., the effective date of the termination of the community. Relator asserts that in a contradictory hearing facts could have been developed concerning the wife’s pre-separation fault and an agreement to allow a divorce petition to be filed before a final determination of fault and alimony. According to relator, since he was deprived of the opportunity to elicit this evidence, an inequitable determination has been made to his prejudice without considering all factors concerning the dispute. Based on this argument, relator seeks an order from this court remanding the matter for the purpose of allowing the introduction of evidence bearing on the substantive issue of termination.
We find no merit to relator’s argument. We are confronted with a purely legal question requiring consideration of the original petition for separation from bed and board based on cruelty filed by the wife in July, 1979, and the second supplemental and amending petition seeking a divorce based on one year voluntary separation filed in July, 1980. Factual questions of unnecessary delays, continuances, and agreements between the parties regarding a suit for divorce are equitable matters irrelevant to the determination of the clear legal issue. Under the circumstances, we conclude that a remand to allow a contradictory evidentiary hearing would be vain and useless and would not serve judicial economy.
Turning now to the central legal issue, we find no error in the trial court’s holding that the effective date of termination of community was the date of the filing of the divorce petition. LSA-C.C.P. Art. 1153 states that when the action asserted in the amended petition arises out of the conduct, transaction or occurrence set forth in the original pleading the amendment relates back to the date of the filing of the original pleading. The original suit for separation filed by the wife in the instant case was based on grounds of mental cruelty. The supplemental and amended petition is separate and distinct from the cause of action asserted in the original petition. Furthermore, the basis of the claim for divorce, i.e. living separate and apart for one year, did not exist at the time of the filing of the suit for separation.
Our brothers on the First Circuit were confronted with the same issue in Pepe v. Drouant, 311 So.2d 582 (La.App. 1st Cir. 1975). They concluded in Pepe that the supplemental and amended petition asserted a “different cause of action” from the original that had not occurred at the time of the filing of the original petition. Accordingly, the amending petition did not relate back to the filing of the original petition. See also Duncan v. Duncan, 359 So.2d 1310 (La.App. 1st Cir. 1978). We are in agreement with the conclusion reached by the First Circuit in Pepe and Duncan. Accordingly we find no error in the ruling of the trial judge.
Consistent with the foregoing, the Stay Order issued by this court on September 16, 1982 is recalled and set aside. The application for supervisory writs is denied. •
STAY ORDER RECALLED AND SET ASIDE.
WRITS DENIED.