463 So.2d 14 (1985)
Willard GRAY
v.
Margaret Frances Collom, Wife of Willard GRAY.
No. 84-CA-167.
Court of Appeal of Louisiana, Fifth Circuit.
January 14, 1985.
Rehearing Denied February 20, 1985.
*15 Jacques F. Bezou, Russell A. Solomon, New Orleans, for plaintiff-appellant.
Dunn & Rasch, Ltd., J. Morris "Jack" Dunn, III, Metairie, for defendant-appellee.
Before BOUTALL, GRISBAUM and DUFRESNE, JJ.
BOUTALL, Judge.
The issue on this appeal is the interpretation of "the date on which the original petition in the action was filed" as provided in La.C.C. art. 159, and its application to the dissolution of the community property regime in this case.
On June 6, 1980, Willard Gray filed a "Petition for Divorce" against his wife Mildred Frances Collum on the ground of adultery. The petition also contains allegations of cruel treatment such as to render living together insupportable. However the prayer does not mention either divorce or separation. His wife answered and reconvened for a separation on the grounds of abandonment and cruel treatment.
On June 5, 1981 the husband filed a "Supplemental and Amended Petition for Divorce" on the ground of having lived separate and apart for a period of more than one year. A judgment of divorce as well as ancillary matters was apparently agreed upon that day but the judge set the divorce aside because no evidence was taken. By agreement of the parties on June 12, 1981, the supplemental petition was tried on the merits, and judgment was rendered in favor of the husband awarding him an absolute divorce, based on living separate and apart for more than a year.
On August 25, 1981 a petition to partition the community property by licitation was filed. The family home was sold and an inventory of other community assets and debts was filed. A dispute then arose as to the effective date of the termination of the community.
In 1977 the Louisiana Legislature amended LSA-C.C. arts. 155 and 159 to provide that dissolution of the community by a judgment of separation or divorce is retroactive to the filing of the original petition. C.C. art. 159 now provides in pertinent part:
"If a community property regime exists on the date of filing of the original petition in the action in which the judgment of divorce is rendered, the judgment of divorce carries with it the dissolution of the community, which dissolution is retroactive to the date on which the original petition in the action was filed, but such retroactive effect shall be without prejudice (a) to the liability of the community for the attorney fees and costs incurred by a spouse in the action in which the judgment is rendered, or (b) to rights validly acquired in the interim between commencement of the action and recordation of the judgment.
Appellant Gray contends that the "original petition" is the first petition he filed in the divorce action, thus the community terminated on June 6, 1980. Appellee wife contends that dissolution occurs because of the judgment of divorce and that the "original petition" is the one which first sets out the cause of action or ground upon which the judgment is based. Thus, the community terminated on June 5, 1981.
The wife relies on the case of Morice v. Morice, 419 So.2d 1003 (La.App. 4 Cir. 1982). In Morice plaintiff filed a petition for separation on the ground of mental cruelty, which was abandoned when the original petition was amended praying for a divorce on the ground of separation in excess of one year. The Morice decision was based upon LSA-C.C.P. art. 1153, which provides:
"When the action or defense asserted in the amended petition or answer arises out of the conduct, transaction, or occurrence *16 set forth or attempted to be set forth in the original pleading, the amendment relates back to the date of filing the original pleading."
The Morice court held that where the supplemental and amended petition was separate and distinct from the cause of action asserted in the original petition, the effective date of the termination of the community was the date of filing the later petition, rather than the date of the earlier filed petition which had been abandoned. See also Pepe v. Drouant, 311 So.2d 582 (La.App. 1st Cir.1975), which was decided before the 1977 amendment of Article 159.
The Morice case does not discuss C.C. art. 159 although the amendment was in effect for several years. We can perceive a difference between the purposes of these two codal articles and Article 1153 is not necessarily controlling of Article 159. Nevertheless a compatible interpretation and application of them is a reasonable premise.
Because of the particular facts in the instant case we conclude the same result would be reached here under Article 159. This is so because the judgment awarding Mr. Gray the divorce clearly states it was based upon "plaintiff's supplemental and amended petition [which] came for hearing this ... day." It is the judgment of divorce which triggers the dissolution of community. It seems reasonable that the legislature intended the original petition setting out that action upon which the judgment is based as the controlling factor. Otherwise dissolution could be controlled by filing a petition on non-existent or specious grounds.
Since plaintiff abandoned his divorce petition based on adultery and went to trial on his supplemental and amended petition based on 1 year separation, the trial court was correct in concluding that the supplemental petition was a different cause of action and that the dissolution of the community property regime became effective retroactive to the filing of that petition on June 5, 1981.
For the reasons assigned the judgment appealed from is affirmed.
AFFIRMED.