480 So.2d 784 (1985)
Lottie Newcomb LAMBERT, Plaintiff-Appellee,
v.
Vernon E. LAMBERT, Defendant-Appellant.
No. 84-740.
Court of Appeal of Louisiana, Third Circuit.
November 7, 1985.
*785 Michael W. Shannon, Alexandria, for defendant-appellant.
Guy E. Humphries, Jr., Alexandria, for plaintiff-appellee.
Before FORET, DOUCET and YELVERTON, JJ.
YELVERTON, Judge.
This appeal is from a judgment partitioning the community of acquets and gains of Vernon and Lottie Lambert.
The case has a long procedural history and this is the second time it has come before us on appeal. The parties separated in September 1981 and Lottie filed for divorce based on adultery. In November 1981, a consent judgment was entered resolving *786 a number of pending rules to show cause involving, among other issues, alimony. After that, other disputed rules were decided, and those judgments were reviewed by this court in the case of Lambert v. Lambert, 425 So.2d 270 (La.App. 3rd Cir.1982), writ denied, 430 So.2d 84 (La.1983). As part of our judgment Vernon Lambert was ordered to continue to pay the monthly mortgage notes on the family residence, and the utilities. Vernon continued his possession and use of the family residence, and Lottie continued the operation of the beauty shop located in that residence.
On September 27, 1982, she filed a supplemental petition for divorce based on a one-year separation in fact. A divorce was granted on these grounds on March 10, 1983. On March 8, 1983, Lottie Lambert obtained a temporary restraining order prohibiting Mr. Lambert from any act or omission preventing the useful or peaceful enjoyment of the resident beauty shop. A preliminary injunction was issued on April 4, 1984, enjoining each of the parties, their customers, clients and guests from interfering with the other party's use and enjoyment of the premises.
The suit for partition which forms the basis for the present appeal was filed on April 25, 1983, and the judgment of partition was signed on June 8, 1984. Vernon appealed suspensively and Lottie answered the appeal.

VERNON'S ISSUES
His first alleged error was the trial court's finding that a ring and pair of earrings were donated to Lottie by Vernon and were therefore her separate property.
The diamond ring and earrings were acquired when Mrs. Lambert returned to her husband after a month long separation in October of 1972. Mrs. Lambert testified that the jewelry was a gift to her for going back home. Mr. Lambert testified that the jewelry was meant to be an investment. The evidence shows that Mrs. Lambert paid for the items with money earned by her. The trial judge found that the jewelry was intended to be a gift following the reconciliation of the parties and that it was therefore the separate propertyof Lottie Lambert despite the fact that the purchase was made with community funds.
A party asserting the separate nature of property acquired during marriage has the burden of overcoming a strong presumption in favor of the community. Curtis v. Curtis, 403 So.2d 56 (La. 1981). However, property acquired by a spouse by donation to her individually is her separate property. C.C. art. 2341 and Tullier v. Tullier, 464 So.2d 278 (La.1985). In the present case the undisputed circumstances surrounding the acquisition of these items (reconciliation) corroborate the wife's testimony that these items were intended as a gift to her for going back to her husband. Under these facts we find the trial court was correct in finding the items the separate property of Mrs. Lambert.
Vernon next contests the finding that the computer camera was community property. The $9,000 camera was purchased with $6,000 from Lottie Lambert's separate estate and $3,000 from the community. Property acquired with separate and community things is separate property when the value of the community thing used is inconsequential as compared to the value of the separate things used. C.C. art. 2341. We do not believe that $3,000 is inconsequential when compared to $6,000; therefore, the camera is not the separate property of Mrs. Lambert. It was correctly found to be a community asset. C.C. art. 2338.
Mr. Lambert's next contention is that the effective date of the termination of the community was September 22, 1981, the date Mrs. Lambert first filed for divorce, based on the ground of adultery, and that he is therefore entitled to a credit for all community debts paid by him since that date. Particularly, he disputes the trial court's action in not granting him credit for mortgage and utility payments made by him from February 15, 1982, through *787 March 10, 1983, when the divorce was granted.
Civil Code article 159 provides that "the judgment of divorce carries with it the dissolution of the community, which dissolution is retroactive to the date on which the original petition in the action was filed...." We believe that the "original petition" in this case is the supplemental petition for divorce filed September 27, 1982, based on the ground of living separate and apart for one year. It was this petition upon which the divorce was granted, and we agree with the Fifth Circuit when it said, "[i]t seems reasonable that the legislature intended the original petition setting out that action upon which the judgment is based as the controlling factor." Gray v. Gray, 463 So.2d 14 (La.App.5th Cir.1985) at p. 16.
While we find the effective date of the termination of the community to be September 27, 1982, we at the same time affirm the denial of credit for Mr. Lambert's payments of the mortgage and utilities from February 15, 1982, through March 10, 1983. He complains that this denial of credit was error. The consent judgment of November 6, 1981, allowed him credit for all community debts paid by him. A rule to amend this judgment was filed February 15, 1982. The resulting judgment was before us on the first appeal, and, after considering the evidence on the subject of alimony, we said, 425 So.2d 270, at p. 273:
"[A] proper balance can be struck considering their relative incomes and needs, as well as the obligation of child support which each owes, by ordering the husband to continue paying the mortgage notes on the residence and the utilities there (which includes the beauty shop operation) and that the wife pay the husband $200 a month, apportioned as $100 a month for child support for Scott and $100 a month for alimony."
This judgment created a scheme of alimony based upon the needs and means of both parties. Generally, payments of alimony pendente lite do not form the basis for a credit from community funds, because the obligation to pay such alimony arises from the marriage and is not a debt of the community. Miller v. Miller, 405 So.2d 564 (La.App. 3rd Cir.1981). As the mortgage and utility payments made during the effective period of the judgment were part of a scheme of alimony, Mr. Lambert was not entitled to a credit for these payments.
Next, Vernon seeks credit for various other debts owed by him (phone bills, insurance, and loans) denied by the trial court. The trial judge apparently felt these were not sufficiently proved to be community debts, and found them to be the separate obligations of Mr. Lambert. We do not find this factual determination to be clearly wrong. Arceneaux v. Domingue, 365 So.2d 1330 (La.1978).
The husband finally contends that the temporary restraining order and the preliminary injunction were improperly issued since they were issued without bond and without a showing of irreparable injury, and is seeking this court to vacate the preliminary injunction and award damages.
On March 8, 1983, Lottie Lambert obtained a temporary restraining order prohibiting Mr. Lambert from any act or omission preventing the useful and peaceful enjoyment of the beauty shop. A preliminary injunction was issued on April 4, 1984, enjoining each of the parties, customers, clients and guests from interfering with the other party's use and enjoyment of the premises. Both the temporary restraining order and the preliminary injunction were issued without bond.
La.C.C.P. art. 3610 states that a temporary restraining order or preliminary injunction shall not issue unless the applicant furnishes security in the amount fixed by the court, except where security is dispensed with by law. This court knows of no law dispensing with security under the facts of this case, therefore the preliminary injunction here complained of is invalid, and is accordingly vacated. See Cochran v. Crosby, 411 So.2d 654 (La.App. 4th Cir.1982).
*788 Under La.C.C.P. art. 3608 the award of damages, including attorney's fees, is left to the discretion of the court. See Consultant Serv. Brokers v. Hous. Auth., Etc., 428 So.2d 1336 (La.App. 3rd Cir. 1983). Under the facts of this case, we find an award of damages, including attorney's fees, inappropriate.

LOTTIE'S ISSUES
In her answer to the appeal Lottie Lambert contends that the court erred in awarding Mr. Lambert one-half of all utility bills and expenses paid by him from March 10, 1983, through February 29, 1984.
The trial court determined that after the judgment of divorce of March 10, 1983, Mr. Lambert was no longer obligated to furnish the utilities for Mrs. Lambert under the prior alimony scheme and was entitled to recover his pro-rata share of the utility expenses after that date. The trial court found that "although she only operated her beauty shop 2½ days a week, her use of utilities was much more concentrated and the court is of the opinion that a fair proration of utility expenses would be the payment of one-half by each party."
We agree with the trial court's determination that each party was responsible for their own utility expenses after the judgment of divorce. Considering the fact that the residence had only one utility meter and it was nearly impossible to determine the exact percentage of utilities used by each party, we cannot say that the trial court was wrong in determining the pro-rata share of each party to be one half.
She also contends the trial court erred in not holding Mr. Lambert accountable for the Social Security checks which he received and cashed. The evidence showed that he was receiving Social Security benefits because of his total disability from a back injury. After the parties separated this was reduced by $195, representing the portion paid for the benefit of Lottie. The trial court recognized these benefits as the separate property of Mr. Lambert. We agree in this determination.
She also contends the trial court erred in the valuation of the furniture and equipment in the beauty shop. The trial court valued the property at $1500. After a careful review of the record we cannot say that the trial court abused its discretion in this determination.
She argues that the trial court erred in awarding Mr. Lambert credit for payment of mortgage notes and insurance on the home and motor home, and credits connected with the preservation of the community home, and payments of community debts.
It is clear that a former spouse is entitled to reimbursement of the payment of mortgage notes and insurance on the community home. Patin v. Patin, 462 So.2d 1356 (La.App. 3rd Cir.1985), writ denied 466 So.2d 470 (La.1985). It is also clear that Mr. Lambert was entitled to credit for the payment of community debts with separate funds due to the consent judgment entered into by the parties on November 6, 1981. See Feazel v. Feazel, 471 So.2d 851 (La.App. 2nd Cir.1985). Thus, the trial court properly awarded him credit for the payment of the mortgage notes (not included within the alimony judgment) and credit for the payment of community debts.
She further contends that she is entitled to credit for alimony and child support paid to Mr. Lambert. For the reasons expressed previously in this opinion she is not entitled to credit for sums paid for alimony to Mr. Lambert. She is also not entitled to credit for sums paid as child support. The obligation on the part of the parents to support the child does not arise from the marriage but from the fact of paternity. Lewis v. Lewis, 404 So.2d 1230 (La.1981). Each parent is obligated to provide for support of a child after a separation or divorce, and this is a separate obligation. Neither party would be entitled to reimbursement or credit from the community for discharge of this obligation.
For the reasons assigned the judgment granting a preliminary injunction is vacated and set aside. In all other respects the *789 judgment is affirmed. The cost of this appeal is to be borne by both parties equally.
AFFIRMED IN PART AND REVERSED IN PART.