EDWARD A. DUFRESNE, Jr., Judge Pro Tem.
This case comes to us on appeal relative to an interpretation by the trial court of a community property agreement.
Following a divorce between the parties, Naomi Clement and Richard Clement contracted to partition their community property. The meaning of a segment of this agreement is the focus of this action.
After her divorce, Naomi Clement filed suit to obtain her share of community assets which she alleges were fraudulently taken from her by her husband Richard Clement, M.D., and to set aside the community property partition agreement.
The compromise agreement dividing the community property was perfected between the parties. However, the meaning of a portion of it became the subject of this litigation and it reads as follows:
“In consideration whereof the said Naomi Jean Clement does by these presents, convey, transfer, set over, assign and deliver unto Richard Joseph Clement the following described property, to wit:
(a) His personal automobile and all personal items.
(b) All assest (sic) of his medical practice. (emphasis added)
(c) Lots 5 and 6, Block 1, Birdseye Subdivision of Block 22 of Severine Sallier Subdivision of the South half of Section 6, Township 10 South, Range 8 West, Louisiana Meridian, in the City of Lake Charles, Parish of Calcasieu, State of Louisiana, together with improvements.”
The disputed segment of this agreement is the interpretation of clause (b) “all assest [assets] of his medical practice.”
The trial court ruled that the language indicated that Naomi Clement was not entitled to one-half of the value of Richard Clement’s, M.D. Medical Corporation. The trial court reasoned that pursuant to LSA-R.S. 12:905, only a licensed medical doctor could be permitted to own a beneficiary interest in any entity which may be chartered as a medical corporation. A conveyance by a person who is not licensed to practice medicine to a medical doctor “of all assets of his medical practice” must include all assets of any existing professional medical corporation, because there is no beneficiary interest that can be retained by a non-medical doctor. “The reading of any other intent into such language would be an improper construciton of the document”.
From this judgment Naomi Clement has appealed. The sole issue to be resolved on review is whether “assest (sic) of his medical practice” conveys to Richard Joseph Clement, M.D. complete ownership of the unissued corporate stock in Richard Joseph Clement, A Professional Medical Corporation.
The parties to this litigation were formerly married to each other and this marriage was dissolved by a divorce. However, during their marriage, Richard Clement, M.D., incorporated his medical practice under the name of “Richard Joseph Clement, M.D., A professional Medical Corporation”, pursuant to LSA-R.S. 12:901 et seq. Naomi Clement was aware that her husband’s medical practice had been incorporated pri- or to their divorce. Dr. Richard Clement’s entire medical practice was performed and conducted through the medical corporation in which he was the sole incorporator, President, Board of Directors and stockholder. However, no stock certificates were ever issued.
We must resolve whether, the parties consented in the community property agreement, that Dr. Richard Clement’s professional medical corporation was included as an asset of his medical practice.
Because there are no other issues, we limit our examination of the record to the intent of the parties relative to the subject contract.
When interpreting the terms of this contract, this court is bound to give legal effect to all such contracts according to the true intent of the parties and this intent is to be determined by the words of the contract when these are clear, explicit and lead to no absurd consequences, LSA-C.C. arts. *761 1945 and 1946 Louisiana National Leasing Corporation v. ADF Service, Inc. 377 So.2d 92 (La.1979); Leenerts Farms, Inc. v. Rogers, 421 So.2d 216 (La.1982).
The determination of the true intent of the parties is to be made in accordance with the plain, ordinary and popular sense of the language used in the contract.
This agreement must be construed in such a way as to lead to logical conclusions and to give effect to the obvious intention of the parties. We have carefully examined this document with a common-sense fashion, and according to the words of the contract their common and usual significance and find no error with the result reached by the court. We agree with the trial court, that all means the entire body, whole amount, or every item which may comprise Dr. Clement’s practice of medicine.
To us, a reading of this contract is clear and unambiguous and expresses the mutual intent of the parties that Dr. Clement would be the sole owner of his medical practice in whatever form. We consider it unlikely that both Dr. Clement and Naomi Clement would be shareholders of a professional medical corporation. Louisiana law relative to Professional Medical Corporations prohibits anyone other than a licensed medical doctor (or medical corporation) from participating in any of the affairs of a professional medical corporation. (See LSA-R.S. 12:905). Dr. Clement Professional Medical Corporation represents the totality of his medical practice.
For the above reasons, we find the trial court’s judgment without error and accordingly, affirm.
AFFIRMED.