498 So.2d 1139 (1986)
Kenneth McCARRON, Plaintiff-Appellee-Appellant,
v.
Lynn Guidry McCARRON, Defendant-Appellant-Appellee.
No. 86-72.
Court of Appeal of Louisiana, Third Circuit.
December 10, 1986.
Writ Denied February 6, 1987.
*1140 Anthony J. Fontana, Jr., Abbeville, for defendant-appellant-appellee.
Shelton & Legendre, Phillip C. Kobetz, Lafayette, for plaintiff-appellee-appellant.
Before LABORDE, KNOLL and KING, JJ.
KING, Judge.
This appeal presents for determination the issues of the date on which a community of acquets and gains ended and whether the "goodwill" of the husband's medical practice is a community asset.
Kenneth McCarron (hereinafter plaintiff) filed suit against his former wife, Lynn Guidry McCarron (hereinafter defendant) for a partition of their community property. The parties were divorced by judgment dated December 3, 1984. On motions for summary judgment brought by plaintiff and defendant the trial court found that the community between the parties was terminated on March 19, 1984 and that the "goodwill" of the plaintiff's medical practice was not a community asset. Both plaintiff and defendant timely perfected a devolutive appeal. We affirm in part, reverse in part, and render judgment.

FACTS
Plaintiff and defendant are both medical doctors. During their marriage the plaintiff practiced as a sole practitioner and the defendant was employed as an infirmary doctor at a university. Defendant filed suit on February 17, 1984, seeking a separation based on the plaintiff's fault. On March 19, 1984, the plaintiff answered and reconvened for a separation based on the fault of the defendant. Defendant filed an answer of general denial to the plaintiff's reconventional demand. The suit was tried on the merits on March 19, 1984 and a judgment of legal separation was rendered, based on the mutual fault of both parties, and a written judgment was signed on the same day. That separation judgment was not appealed and became final. A divorce was granted on December 3, 1984. The plaintiff then filed this suit to partition the community property. Plaintiff contends the community was dissolved on February 17, 1984, the date when his ex-wife's suit for separation was first filed. Defendant contends the community was dissolved on March 19, 1984, the date when her ex-husband's reconventional demand for separation was first filed and the date on which the judgment of separation was rendered and signed.
We have not found any case in our jurisprudence with precisely these same facts nor has any similar Louisiana case been brought to our attention in oral argument or briefs of the parties. LSA-C.C. Art. 155 provides that a separation judgment dissolves the community retroactive to the date on which the original petition was filed in the action. It has been held that where a judgment of separation was rendered on the defendant's reconventional demand (on a different cause of action than asserted in the plaintiff's original suit for separation), the community was dissolved retroactively to the date the defendant's reconventional demand was filed, not as of the date of filing of the plaintiff's original petition for separation on which no judgment was rendered. Hodson v. Hodson, 292 So.2d 831 (La.App. 2 Cir.1974), writ den., 295 So.2d 177 (La.1974); Sciambra v. Sciambra, 153 So.2d 441 (La.App. 4 Cir. *1141 1963), writ den. 244 La. 900, 154 So.2d 768 (1963). Where a plaintiff's petition for a separation was supplemented and amended to seek a divorce that was granted in plaintiff's favor, it has been held that the community was dissolved as of the date of the filing of the supplemental and amending petition for divorce (on a different cause of action than asserted in the plaintiff's original suit for separation), not as of the date of filing of the plaintiff's original petition seeking a separation. Morice v. Morice, 419 So.2d 1003 (La.App. 4 Cir.1982), writ den., 420 So.2d 970 (La.1982); Pepe v. Drouant, 311 So.2d 582 (La.App. 1 Cir. 1975).
Thus, it appears that in contested separation and divorce cases the community is dissolved as of the date the successful party files his or her original pleading setting forth the ground upon which the judgment is rendered. See Lambert v. Lambert, 480 So.2d 784 (La.App. 3 Cir.1985); Gray v. Gray, 463 So.2d 14 (La.App. 5 Cir.1985).
In the present case both parties were successful in their original demands as the fault of each, for a separation based on mutual fault, had to be sufficient to grant a separation to each under LSA-C.C. Art. 138. Watson v. Watson, 442 So.2d 1310 (La.App. 3 Cir.1983), writ den., 445 So.2d 450 (La.1984). Since the fault of the wife was not an issue in this suit until the husband filed his answer and reconventional demand on March 19, 1984, and the separation was granted on the mutual fault of the parties on that same date, we conclude that the community should be dissolved retroactive to the filing of the defendant's original petition for separation. The separation judgment was rendered on the fault of both the plaintiff and the defendant as alleged in each of their original petitions for separation. Our Civil Code provides that where a suit for a separation, LSA-C.C. Art. 155, for a divorce, LSA-C.C. Art. 159, and for partition of the community, LSA-C.C. Art. 2375, results in rendition of a judgment, that the community is terminated retroactive to the date of the filing of the original petition. Our holding in this case, on the facts presented, that the separation of the community will be retroactive to the date of filing of the original petition which sought a separation and on which a judgment was rendered does not conflict with the statutory and jurisprudential rules that the date of termination of the community is retroactive to the date of the filing of the original petition setting forth the cause of action on which a judgment of separation, divorce, or partition of the community was rendered. For these reasons we reverse the decision of the trial judge terminating the community as of the date of the filing of the plaintiff's reconventional demand.
In Martinez v. Posner, Martinez and Padgett, 385 So.2d 525 (La.App. 3 Cir. 1980), writ den., 393 So.2d 727 (La.1980), we held that the wife was not a member of her husband's medical partnership upon dissolution of their marriage with a continuing interest in the partnership of one-half of her ex-husband's interest therein. In that opinion we said:
"Except for a pooling of talents and sharing of physical facilities, professional partners are no different from sole practitioners. As to a sole practitioner, it seems obvious that the spouse of the practitioner does not, by the act of marriage, acquire any ownership rights or interest in the knowledge, skill or laboring capacity of the practitioner. Nevertheless, whether a person practices alone or in the partnership it is basic, of course, that once the practitioner puts the knowledge and skill to work, and thereby earns professional fees, such fees are community income." (Citations omitted.) Martinez v. Posner, Martinez and Padgett, 385 So.2d 525, at page 528 (La.App. 3 Cir.1980), writ den., 393 So.2d 727 (La.1980).
This court has also held that a wife, who is not licensed to practice medicine, cannot remain as a shareholder of a husband's professional medical corporation as Louisiana's Professional Medical Corporations Law prohibits anyone other than a licensed medical doctor from participating in any of the affairs of a professional medical corporation. See Clement v. Clement, 487 So.2d 759 (La.App. 3 Cir.1986).
*1142 And, in Depner v. Depner, 478 So.2d 532 (La.App. 1 Cir.1985), writ den., 480 So.2d 744 (La.1986), the court held that the "goodwill" of the husband's incorporated medical practice was not an asset of the former community. Likewise, in Pearce v. Pearce, 482 So.2d 108 (La.App. 4th Cir. 1986), writ den., 484 So.2d 140 (La.1986), that court held that the "goodwill" of a medical corporation was not a community asset susceptible of partition.
On the basis of this jurisprudence we are convinced that the "good will" of the plaintiff's medical practice in this case is not a community asset to be partitioned.
For the foregoing reasons, the judgment of the trial court is affirmed in part. The judgment of the trial court recognizing that the community of acquets and gains formerly existing between the plaintiff and defendant was terminated as of March 19, 1984 is reversed and set aside and judgment is rendered herein recognizing that the community of acquets and gains formerly existing between plaintiff and defendant was terminated as of February 17, 1984.
All costs of this appeal are assessed equally between the parties.
AFFIRMED IN PART; REVERSED IN PART; AND RENDERED.