547 So.2d 1140 (1989)
Sheila Fry FOUCHI
v.
Frank E. FOUCHI.
Nos. 89-CA-159, 89-CA-160.
Court of Appeal of Louisiana, Fifth Circuit.
July 31, 1989.
Rehearing Denied September 18, 1989.
*1141 Joan B. Montero, Kenner, for plaintiff-appellant.
Adelaide Baudier, Metairie, for defendant-appellee.
Before BOWES, DUFRESNE and WICKER, JJ.
BOWES, Judge.
Appellant Sheila Fry Fouchi Hornbostel (hereinafter Sheila) appeals a judgment dated October 11, 1988, of partition of the community property previously owned with appellee Frank E. Fouchi (hereinafter Frank). We revise in part and, as revised, affirm.
The tedious procedural history of this case need not be repeated in its entirety here. The salient details are that Sheila filed a petition for separation from Frank on March 4, 1977, and Frank filed an answer and reconventional demand for separation on April 19, 1977. Judgment was ultimately rendered on January 23, 1979, granting a separation based on mutual fault. Numerous proceedings involving alimony, child support, and custody followed and, in 1982, the partition of the community property was originally tried. That judgment was rendered on May 21, 1982, and affirmed in Fouchi v. Fouchi, 442 So.2d 506 (La.App. 5 Cir.1983). Frank filed a petition for nullity on the grounds that the judge who signed the partition judgment of May 21, 1982, was not authorized to do so because of his election to the bench of this Fifth Circuit Court of Appeal. See Fouchi, supra. The original 1982 judgment was subsequently annulled. By order of the court, the matter was submitted on the record, which, as the court stated, was voluminous, including transcripts and documents already in evidence.
Subsequently, on December 7, 1984, the district judge rendered a new judgment which was virtually identical to the prior (null) judgment. The second judgment, like the first, ordered, among other things, a partition by licitation of the community assets, valued and allocated certain assets and recognized particular debts. The judgment also stated in pertinent part:
IT IS FURTHER ORDERED, ADJUDGED AND DECREED that there be judgment herein in favor of Sheila Fry Fouchi Hornbostel and against the defendant, Frank E. Fouchi, ordering him to *1142 pay interest as provided by law from date of judicial demand until receipt by the plaintiff, Shiela [sic] Fry Fouchi Hornbostel, of her interest in the community property;
This judgment was appealed by Frank and affirmed by this court in Fouchi v. Fouchi, 487 So.2d 496 (La.App. 5 Cir.1986). In that appeal, one claim of Frank was that the award of interest made to Sheila on her share of the community was premature since the amount due cannot be determined until the completion of the partition. To this contention, our court stated:
All debts bear interest at the legal rate from the time they are due, La.C.C. art. 1938 (now part of La.C.C. art. 2000) and settlement of the community is due and payable on the date of the community's dissolution. Hodson v. Hodson, 292 So.2d 831 (La.App. 2nd Cir.1974).
The Supreme Court denied writs at 493 So.2d 636 (La.1986).
Prior to a judicial sale, Frank and Sheila entered into a consent judgment dated May 13, 1987, in which Frank agreed to purchase the family home, the only remaining asset, for $36,000 in cash; the proceeds of the sale were to be placed in an interest-bearing account, in the name of the attorneys for the parties, in trust for Frank and Sheila, withdrawals from the account would be subject to further court orders and the judgment finally stated:
IT IS FURTHER ORDERED, ADJUDGED AND DECREED that in all other respects, the judgment and opinion of the Fifth Circuit Court of Appeal for the State of Louisiana rendered on March 10, 1986, writs denied by the Louisiana Supreme Court on September 19, 1986 is incorporated into and made a part of the record of these proceedings as though copied "in extenso".
Frank purchased the home in accordance with the judgment of May 13, 1987. After deducting the sum of $1,374.59 to pay the balance of the mortgage, the money was deposited into an account in Hibernia National Bank. Subsequently, the court ordered, in another consent judgment, payment of notary and appraiser's fees in the sum of $2,133.44.
In October, 1987, Sheila filed a "Motion to Homologate Revised Inventory and Partition Proceeds of Sale", to which Frank responded with a "Motion to Fix Debts to Pay Remaining Debts and Disburse Net Community", attaching his own version of the amended community assets and requesting the court to rescind the order for partition by licitation.
A hearing of these motions was held on January 12, 1988. At the hearing, the parties stipulated as of January 6, 1988, the remaining total in the joint account was $33,638.85, which amount included earned interest; that the total of movables in the possession of Frank was valued at $15,311.50 and these movables possessed by Sheila totalled $845.00; for a net community of $49,795.35.
Subtracted from that total was $22,846.13, the amount stipulated by both parties as being due to Frank for reimbursement of community debts made with his separate property. The net community was therefore stipulated to be $26,948.97, with each spouse's share equalling one-half or $13,474.48. The stipulation further stated that Frank was due $21,009.11, that being the sum of his share of the community ($13,474.48), plus the reimbursement owed him ($22,846.13, minus the value of the movables in his possession ($15,311.50). Sheila was due $12,629.48, that being the remainder of her share of the community ($13,474.48) less the value of the movables in her possession ($845.00). The parties further stipulated that interest accruing in the account was to be divided by the parties according to their proportionate ownership of the account.
Both parties pursued the question of legal interest due on their shares of the community property.
After the hearing was concluded, the trial court rendered judgment partitioning the community, awarding Sheila $12,649.48 and awarding Frank $21,009.11; 38% of the accrued interest was given to Sheila, 62% to Frank, at the interest rate payable by the bank. Legal interest was not awarded (it *1143 simply was not mentioned in the judgment). The court further declined to award Sheila rental value of the community home which had been occupied by Frank.[1]
Sheila has appealed alleging that the trial court erred in not awarding her judicial interest on her portion of the community; in not awarding one-half the rental value of the family home occupied by Frank; and in dismissing the court-appointed attorney (a notary had been appointed in connection with the partition and appraisal of community property). The final assignment of error was not briefed and so we will not consider it on this appeal.
Prior to our discussion of the issues raised on appeal, we note that the date on which the community was dissolved was March 4, 1977, the date on which Sheila filed her initial petition for separation. In contested separation and divorce cases, the community is dissolved as of the date that successful party files his or her original pleading setting forth the ground upon which the judgment is rendered. See Gray v. Gray, 463 So.2d 14 (La.App. 5 Cir.1985). When the separation is granted on mutual fault of both parties, the community should be dissolved retroactively as of the filing of the original petition for separation. McCarron v. McCarron, 498 So.2d 1139 (La.App. 3 Cir.1986).
Addressing assignment of error number two first, LSA-R.S. 9:308(B) states:
A spouse who uses and occupies or is awarded by the court the use and occupancy of the family residence pending the partition of the community property in accordance with the provisions of R.S. 9:308(A) shall not be liable to the other spouse for rental for the use and occupancy, unless otherwise agreed by the spouses or ordered by the court.
There is no evidence in the record that Frank and Sheila agreed that Frank would be liable for rental of the family home. The failure of the court to order such rental is not an abuse of discretion, particularly in view of the fact that for much of the period beginning from the separation of the parties through the present, one or more of the children of the marriage occupied the home with Frank who was their legal custodian. In denying rental to Sheila, the court had before it a panoramic view of this case and clearly did not find an award of rental to be warranted under the particular facts of this case. We find no manifest error in this determination. This assignment of error is meritless.
As to the first assignment of error regarding legal interest, we are of the opinion that the judgment of December 7, 1984 ordering Frank to pay Sheila interest as provided by law from the date of judicial demand until receipt by Sheila of her interest in the community (which judgment was previously affirmed by this court) is dispositive of the first assignment of error. Sheila was granted the right to receive legal interest on her share of the community property and the matter is res judicata as to that issue.
The consent judgment in which Frank agreed to purchase the home specifically incorporated our opinion in the second Fouchi case affirming the interest due. The trial court erred in failing to award legal interest to Sheila on her share of the community. Fouchi, supra; Hodson v. Hodson, 292 So.2d 831 (La.App. 2 Cir.1974).
LSA-C.C. art. 2000 states in pertinent part:
Art. 2000. DAMAGES FOR DELAY MEASURED BY INTEREST; NO NEED OF PROOF; ATTORNEY FEES
When the object of the performance is a sum of money, damages for delay in performance are measured by the interest on that sum from the time it is due, at the rate agreed by the parties or, in the absence of agreement, at the rate of legal interest as fixed by Article 2924.
This article was cited by the court in the second Fouchi appeal when it affirmed the award of interest to Sheila. Therefore, it is also correct that Frank is entitled to interest on the debt stipulated as due to him as *1144 reimbursement of separate funds used to pay community debts. However, Frank has not appealed the failure of the trial court to make such an award, nor has he answered the appeal of Sheila, and therefore the judgment is final as to him in this regard.
LSA-C.C.P. art. 2924[2] is controlling in determination of the interest due Sheila. We have before us the necessary information to permit us to properly calculate the amounts due to each party from the joint account of community funds. We interpret the judgment of December 7, 1984, as ordering interest payable to Sheila through May 13, 1987, the day the home was sold and the community became liquidi.e., the date on which Sheila was in constructive receipt of her share of the community. We compute interest due to Sheila as follows:

Principal Amount of Sheila's portion
of the community - $12,629.45
7% interest from 3/4/77-3/3/80 - 2,652.18
7% interest from 3/4/80-9/11/80
(192 days at $2.42 per diem) - 464.64
10% interest from 9/12/80-9/11/81 - 1,262.95
12% interest from 9/12/81-9/11/86 - 7,577.65
12% interest from 9/12/86/5/13/77
(245 days at $4.15 per diem) - $ 1,016.75
 __________
Total Interest........................ $12,974.17

The total sum of principal and interest due to Sheila is $25,603.62 ($12,629.45 plus $12,974.17).
The total amount in the joint account, at the date of trial, excluding accrued interest, was $36,000, minus $3,508.03 for expenses previously paid, or a total of $32,491.97.
Subtracting Sheila's portion, Frank is left with the balance of $6,888.35. Their proportionate shares of the account are:

 Sheila - 79%
 Frank - 21%

The accrued interest shall be divided between the parties according to their proportionate shares.
For the foregoing reasons, the judgment appealed from is revised in part to reflect that Sheila is due legal interest on her share of the community property from the date that the community was terminated, March 4, 1977, through May 13, 1987.
The community of acquets and gains formerly existing between the two parties shall be partitioned as follows: plaintiff, *1145 Sheila Fry Fouchi, shall receive $25,603.02 and defendant, Frank E. Fouchi, shall receive $6,888.35.
It is further ordered, adjudged and decreed that Sheila Fry Fouchi shall receive 79% of the interest earned on the money on deposit as a result of the sale of the family home. Frank E. Fouchi shall receive 21% of the interest earned on the money on deposit as a result of the sale of the family home. Said interest shall be at the rate paid by the bank.
Appellee is assessed all costs of these proceedings.
REVISED AND RENDERED.
NOTES
[1] Sheila appears to have requested this rental debt in a past trial memorandum, not in her written pleadings or in oral argument at the hearing.
[2] Art. 2924 states in pertinent part:

Art. 2924. Rates of legal and convention interest; usury
A. Interest is either legal or conventional.
B. (1) Legal interest is fixed at the following rates, to wit:
(a) At the rate fixed in Subparagraph (3) of this Paragraph on all sums which are the object of a judicial demand, whence this is called judicial interest, and
(b) On sums discounted at banks at the rate established by their charters.
(2) The rate of judicial interest resulting from a lawsuit pending or filed during the indicated periods shall be as follows:
(a) Prior to September 12, 1980, the rate shall be seven percent per annum.
(b) On and after September 12, 1980, until September 11, 1981, the rate shall be ten percent per annum.
(c) On and after September 11, 1981, until January 1, 1988, the rate shall be twelve percent per annum.
(3)(a) On and after January 1, 1988, the rate shall be equal to the rate as published annually, as set forth below, in the Louisiana Register by the commissioner of financial institutions. The commissioner of financial institutions shall compute, on the computation date of December first of each year, or on the next working day if the computation date is on a weekend or holiday, at one percentage point above an average prime rate, which shall be the effective judicial interest rate for the next succeeding calendar year beginning on January first. The average prime rate shall be computed by taking the average of the prime rates established by Chase Manhattan Bank, N.A., Citicorp, N.A., Morgan Guaranty Trust Company of New York, Manufacturers Hanover Trust Company, and BankAmerica Corporation for their most favored corporate clients. The prime rates used in this calculation shall be obtained no earlier than the week preceding the computation date.
(b) The commissioner shall publish his computations and the resulting judicial interest rate in the issue of the Louisiana Register immediately following the computation date.
(c) Notwithstanding the provisions of this Article, at no time shall the judicial interest rate be greater than fourteen percent per annum or less than seven percent per annum. Depending on the duration of a lawsuit, such lawsuit may have more than one rate of judicial interest apply.
(4) If the method of computing the judicial interest rate in accordance with Subparagraph
(3) is held invalid or if for any reason the rate cannot be effectively computed in accordance therewith, then the rate shall be twelve percent per annum.