618 So.2d 1181 (1993)
Denise Fontenot CHAMPION, Plaintiff-Appellant,
v.
Floyd T. CHAMPION, Defendant-Appellee.
No. 92-708.
Court of Appeal of Louisiana, Third Circuit.
May 5, 1993.
Writ Denied June 25, 1993.
*1182 Robert Lane Cole, Lafayette, for Denise F. Champion.
James Nathan Prather Jr., Lafayette, for Floyd T. Champion.
Before STOKER and DECUIR, JJ., and CULPEPPER, J. Pro Tem.[*]
WILLIAM A. CULPEPPER, Judge Pro Tem.
This appeal raises a procedural issue arising out of a judgment of divorce. On June 10, 1991, Denise Fontenot Champion initiated a divorce suit on grounds of adultery pursuant to LSA-C.C. Art. 103. On September 5, 1991, Floyd T. Champion filed a petition for divorce on the grounds of living separate and apart for 180 days under LSA-C.C. Art. 102. Subsequently, the trial court granted the divorce based on Floyd's article 102 action, which terminated the community retroactive to September 5, 1991, the date Floyd filed his petition for divorce.
On appeal, Denise contends that the trial court committed reversible error by granting Floyd a divorce under LSA-C.C. Art. 102, thereby terminating the community property retroactive to September 5, 1991, the date of the filing of his petition, instead of granting her a divorce and terminating the community as of June 10, 1991, the date of the filing of her petition. She argues that the trial court's actions affected her property rights and destroyed her cause of action for divorce on the grounds of adultery.
For the reasons which follow, we affirm the judgment of the trial court.

PROCEDURAL BACKGROUND
Denise initiated a suit for divorce based on adultery on June 10, 1991. On September 5, 1991, Floyd filed a suit for divorce pursuant to LSA-C.C. Art. 102. On January 16, 1992, Denise filed a motion to set trial. The trial court set her trial date for April 14. In March, the trial court, pursuant to Floyd's motion, set his divorce action for April 13. On April 2, 1992, Denise filed a rule to set aside and stay Floyd's divorce rule until she obtained a divorce on the grounds of adultery. She argued that to do otherwise would affect the termination date of the community. The trial court, however, refused to stay Floyd's divorce proceeding and granted him a divorce based on living separate and apart for 180 days. Denise appeals the trial court's judgment. Floyd filed a motion to dismiss her appeal on September 11, 1992, on the grounds that her sole purpose in appealing is to require Floyd to continue to pay alimony pendente lite. We find this is not grounds to dismiss this appeal. The motion is denied.

LEGAL ANALYSIS
First, Denise urges that the trial court erred in granting Floyd a divorce under LSA-C.C. Art. 102 which, when read in conjunction with LSA-C.C. Art. 159, terminates the community retroactive to September 5, 1991.
The language of LSA-C.C. Art. 102 and interpretive jurisprudence indicate that the use of the word "shall" mandates that the trial court grant the divorce upon proof that the 180 day period of separation *1183 has elapsed. Watters v. Watters, 607 So.2d 948 (La.App. 4th Cir.1992), writ denied, 610 So.2d 819 (La.1993); see also, Williams v. Williams, 491 So.2d 732 (La. App. 2nd Cir.1986); State v. Marston, 223 La. 1046, 67 So.2d 587 (1953). Dissolution of the community is retroactive to the date that the petition for divorce is filed, when the divorce is based on the grounds asserted in the petition. LSA-C.C. Art. 159; Naquin v. Naquin, 572 So.2d 1075 (La.App. 5th Cir.1990). The termination of the community may be based upon Floyd's successful petition for divorce based on living separate and apart, even when the original divorce action began with Denise's action for a fault based divorce. Naquin, supra; Lambert v. Lambert, 480 So.2d 784 (La. App. 3rd Cir.1985).
A review of the record shows that Floyd filed the appropriate pleadings after living separate and apart for 180 days. Thus, he is entitled to a judgment of divorce. We conclude that the trial court did not err when it simply complied with the statutory and jurisprudential requirements in granting Floyd's divorce after the lapse of the statutory period of separation.
Additionally, Denise complains that by granting Floyd a divorce, the trial court will take away her right to introduce evidence of Floyd's adulterous acts in a future spousal support action. This assertion is directly contradicted by statutory law. LSA-R.S. 13:4232 specifically excepts an incidental action for spousal support, under LSA-C.C. Art. 105, from the general principles of res judicata if the cause of action was not actually litigated in the divorce action. The record shows that the action for spousal support was not actually litigated. Thus, Denise's opportunity to urge her lack of fault for support purposes at a subsequent hearing for spousal support is not impinged by the trial court's granting of a divorce under LSA-C.C. Art. 102. We find that this assignment of error lacks merit.
For the above and foregoing reasons, the judgment of the trial court granting Floyd T. Champion a divorce based on LSA-C.C. Art. 102 is affirmed. Costs of this appeal are assessed to Denise Fontenot Champion.
AFFIRMED.
NOTES
[*] Judge William A. Culpepper, Retired, participated in this decision by appointment of the Louisiana Supreme Court as Judge Pro Tempore.