| .PARRO, J.
An ex-wife appeals from a trial court judgment, which declared that the termination of the former community of acquets and gains was retroactive to the date on which her ex-husband filed his petition for divorce, rather than to the date that her petition for divorce was initially filed or subsequently supplemented. For the following reasons, the judgment is affirmed.

*148
Facts and Procedural History

On September 29, 1995, Viregilyer H. Warner filed a petition for divorce against her husband, Alden Ray Warner. The petition stated that the Warners were married on July 20, 1974, and that she desired a divorce; however, it did not set forth any ground on which the divorce could be granted. In her petition, Ms. Warner also asked to have the legal regime of the community of acquets and gains terminated retroactive to the filing of her petition. An amending and supplemental petition was filed by Ms. Warner on September 5, 1997, in which she alleged that she and Mr. Warner had separated prior to September 29, 1995, and had lived separate and apart since their separation. On December 3, 1997, a waiver of service and citation executed by Mr. Warner was filed in this matter.
On January 26, 1998, allegedly as a plaintiff in reconvention, Mr. Warner filed a pleading entitled “Supplemental Petition for Absolute Divorce” in the proceeding that had been commenced by Ms. Warner, in which he alleged that the parties were married on July 20, 1974, had physically separated on September 29, 1995, and had remained voluntarily separate and apart, without reconciliation, since that date.[2] In light of their living separate and apart for more than 180 days, Mr. Warner sought a divorce under the provisions of LSA-C.C. art. 103. Mr. Warner also requested an order dissolving the community property regime retroactive to the date of the filing of his petition.
On January 27, 1998, Ms. Warner filed a motion requesting that a preliminary default be entered relative to her petition, as amended and supplemented. Three days later on January 30, a preliminary default was entered. Prior to any further action by |sMs. Warner, Mr. Warner filed a motion seeking the entry of a judgment by default pursuant to LSA-C.C.P. art. 1701 relative to his petition for an absolute divorce based on the provisions of LSA-C.C. art. 103(1). In this motion, Mr. Warner stated that service of his petition had been made on Ms. Warner and no answer or other responsive pleadings had been filed by her. A judgment of preliminary default was entered on February 27, 1998, pursuant to Mr. Warner’s motion. Following a hearing on the confirmation of his preliminary default, the trial court granted a judgment on March 5,1998, in favor of Mr. Warner, decreeing a divorce between the parties pursuant to the provisions of LSA-C.C. art. 103(1). This judgment further ordered that the community of acquets and gains between the parties was “dissolved retroactively to the date of the filing of the petition for divorce herein.”
In a subsequent pleading concerning the partition of the community property, Mr. Warner alleged that the community regime had terminated as of September 29, 1995, the date of the filing of the initial petition for divorce by Ms. Warner. However, in an amending and supplemental reconventional demand, he took the position that the community did not terminate until January 26, 1998, the date on which his petition for divorce was filed. In a memorandum, Ms. Warner submitted that by her September 5, 1997 amending and supplemental petition, she “converted her original petition from an action under Civil Code Article 102 to an action under Civil Code Article 103.” She urged that since Mr. Warner had not filed any affirmative pleadings in response to her supplemental petition for divorce, his “supplemental” petition for absolute divorce resulted in an amendment or supplementation to her petition.
*149 After considering this issue, the trial court decreed that the community regime terminated on January 26, 1998. Ms. Warner appeals from this judgment, arguing that the date of retroactive termination should be September 29, 1995, the date on which her initial petition for divorce was filed. Alternatively, Ms. Warner submits that the retroactive termination date of the community should be September 5, 1997, the date on which she filed her supplemental petition for divorce.

\ ¿Discussion

Concerning the date of termination of a community property regime, LSA-C.C. art. 159 provides:
A judgment of divorce terminates a community property regime retroactively to the date of filing of the petition in the action in which the judgment of divorce is rendered. The retroactive termination of the community shall be without prejudice to rights of third parties validly acquired in the interim between the filing of the petition and re-cordation of the judgment. (Emphasis added).
Ms. Warner urges that the “date of filing of the petition” in this action was September 29, 1995, because all subsequently filed pleadings were filed in the proceeding initiated by her. Furthermore, Ms. Warner argues that since she is the only party who filed a “petition for divorce,” the date of retroactive termination should be the date that she initiated the proceeding.
At the outset, we note that the title on the pleading is not controlling. Our courts look through the caption, style, and form of pleadings to determine, from the substance of the pleadings, the nature of the proceeding. Gremillion v. Rapides Parish Police Jury, 430 So.2d 1362, 1365 (La.App. 3rd Cir.), writs denied, 435 So.2d 426 and 440 (La.1983); see LSA-C.C.P. art. 865. Mr. Warner’s “supplemental” petition set forth a cause of action for divorce based on the ground that he and Ms. Warner had been living separate and apart continuously for a period in excess of six months on the date his petition was filed. Accordingly, we find no merit in Ms. Warner’s argument that, by virtue of its title, the pleading filed by Mr. Warner on January 26,1998, constituted a supplementation of her petition for divorce, as opposed to a separate and independent petition by Mr. Warner for a divorce.[3] Therefore, we start our analysis by recognizing the viability of Ms. Warner’s supplemental petition for divorce filed on September 5, 1997, and Mr. Warner’s petition for divorce filed on January 26,1998.[4]
1 ¡¡Several cases from other circuits have addressed the issue of determining the retroactive date of termination of a community property regime when a divorce proceeding involves more than one petition. In Gray v. Gray, 463 So.2d 14 (La.App. 5th Cir.1985), the husband initially filed a petition for divorce against his wife based on the ground of adultery. However, the prayer of the initial petition did not request either divorce or separation. A year later, the husband filed a supplemental and amending petition for divorce on the ground that the couple had lived separate and apart for a period of *150 more than one year; the trial court granted the divorce on this ground. Subsequently, an issue arose as to whether the retroactive date of termination of the community related to the filing of the first petition alleging adultery or the supplemental petition, which stated the ground upon which the divorce was ultimately granted. Gray, 468 So.2d at 15. The trial court determined that the termination of the community was retroactive to the date of the filing of the supplemental petition. Gray, 463 So.2d at 16.
In affirming the trial court’s decision to terminate the community as of the date of the filing of the supplemental petition for divorce, the court in Gray stated:
It is the judgment of divorce which triggers the dissolution of community. It seems reasonable that the legislature intended the original petition setting out that action upon which the judgment is based as the controlling factor. Otherwise dissolution could be controlled by filing a petition on non-existent or specious grounds.
Gray, 463 So.2d at 16. The court found that the husband had abandoned his initial divorce petition and had gone to trial on the ground in his supplemental petition based on a voluntary separation for a period of more than one year. Since the supplemental petition was based on a different cause of action, the dissolution of the community became effective on the date of filing of the supplemental petition. Gray, 463 So.2d at 16.
Similarly, in Champion v. Champion, 618 So.2d 1181 (La.App. 3rd Cir.), writ denied, 620 So.2d 850 (La.1993), the wife initiated a divorce proceeding based on the ground of adultery pursuant to LSA-C.C. art. 103(2). Approximately three months later, the husband filed a petition for divorce under LSA-C.C. art. 102. Subsequently, the trial court granted a divorce based on the husband’s Article 102 action, which terminated | fithe community retroactive to the date the husband filed his petition for divorce. The wife argued the termination of the community should be retroactive to the date she initiated the original proceeding. The court disagreed, holding that the dissolution of the community was retroactive to the date that the petition for divorce was filed, when the divorce was based on the ground asserted in the petition. Because the divorce was based on the ground asserted by the husband, the community was terminated as of the date his action was filed, even though it was not the original pleading seeking a divorce. Champion, 618 So.2d at 1183.[5]
In light of the jurisprudence and the language of LSA-C.C. art. 159, we conclude that the retroactive termination of the community is based on the date of filing of the petition which sets forth the grounds of the cause of action “in which the judgment of divorce is rendered.” In the present case, the grounds of the divorce are the same in Ms. Warner’s supplemental petition and in Mr. Warner’s petition. However, the judgment of divorce was rendered on the basis of Mr. Warner’s petition, which was filed on January 26, 1998.[6] Therefore, we are unable to *151 find error, legal or otherwise, in the trial court judgment decreeing that the community property regime terminated on January 26,1998.

Decree

For the foregoing reasons, the judgment of the trial court is affirmed. All costs of the appeal are assessed against Viregilyer H. Warner.
AFFIRMED.

. The trial court granted Mr. Warner leave of court to file his petition.

. We do not address the propriety of each spouse filing a petition for divorce in the same proceeding since any objection to such was seemingly waived.

. Ms. Warner’s initial petition did not set forth any ground for divorce, and because the ground of living separate and apart for a period of six months or more did not accrue until after the initial petition was filed, the date of filing of her supplemental petition determines the effective date for her cause of action. See LSA-C.C.P. art. 1155.

. See also Lambert v. Lambert, 480 So.2d 784, 787 (La.App. 3rd Cir.1985), where a spouse filed a petition for divorce based on adultery, only to assert in a supplemental petition filed a year later that the divorce should be granted based on the couple’s one-year separation. The court determined the effective date of the termination of the community was the date of filing of the supplemental petition.

. We observe that both parties had entered preliminary judgments by default, and it was just a matter of who was first in confirming the preliminary default judgment in determining the retroactive date of the termination of the community.