# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
February 9, 2012

Lyle W. Cayce
Clerk

No. 11-10250

PROVIDENT LIFE AND ACCIDENT INSURANCE COMPANY,

Plaintiff

v.

JILL CLEVELAND, Individually and as Putative Heir of Gerald Levon
Cleveland, II, and as Natural Parent and Next Friend of Her Minor Child, A.
Doe, a Putative Heir of Gerald Levon Cleveland, II, Administrator of the
Estate of Gerald Levon Cleveland, II,

Defendant-Appellee

v.

SHONA M. CLEVELAND, Individually and a Natural Parent and Next
Friend of Her Minor Child, B. Doe, a Putative Heir of Gerald Levon
Cleveland, II,

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:09-CV-643

Before REAVLEY, DAVIS, and PRADO, Circuit Judges.

PER CURIAM:*

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not
be published and is not precedent except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

No. 11-10250

In this interpleader action filed to determine who should receive the proceeds of a life insurance policy, Shona Cleveland, the former wife of decedent Gerald Cleveland, appeals from the district court's grant of summary judgment in favor of Jill Cleveland, who was Gerald's wife at the time of his death. Reviewing the record de novo, *Griffin v. United Parcel Serv., Inc.*, 661 F.3d 216, 221 (5th Cir. 2011), we AFFIRM.

Gerald and Shona married in 1993 and had one child together. The couple separated in 1998, and Gerald filed for divorce in March 2001. Gerald obtained a life insurance policy in November 2001 naming as the beneficiary "Shona Cleveland Ex-Spouse." He did not name an alternate or secondary beneficiary. The couple was not divorced until June 2002 when a final divorce decree was entered. By its terms the decree divested Shona of any interest in any life insurance policies held by Gerald. Following the divorce, Gerald married Jill and had one child with her. Gerald subsequently died intestate as a result of a motorcycle accident in March 2009.

Pursuant to the Texas Family Code, a pre-divorce decree designation of a spouse as the beneficiary of an insurance policy is ineffective unless (1) the divorce decree designates the former spouse as the beneficiary, (2) the insured re-designates the former spouse after rendition of the decree, or (3) the former spouse is designated as a beneficiary in trust for the benefit of a child or dependent. TEX. FAM. CODE ANN. § 9.301. It is undisputed that Shona was Gerald's spouse at the time Gerald designated her as the policy's beneficiary. Because none of the exceptions to § 9.301 are applicable, we agree with the district court that Shona's interest in the policy vanished by operation of law when the couple subsequently divorced. *See id.*; *Copeland v. Alsobrook*, 3 S.W.3d 598, 600 n.2 (Tex. App. 1999); *Sever v. Mass. Mut. Life Ins. Co.*, 944 S.W.2d 486, 490 (Tex. App. 1997).

No. 11-10250

Shona argues that because Gerald designated her as "Ex-Spouse," Gerald either thought he was divorced or intended to satisfy the statute's re-designation requirement. She argues that we should look beyond the plain meaning of the statutory text to conclude that the state legislature did not intend for § 9.301 to apply under these circumstances. Under the rules of statutory construction, a court must give effect to the legislature's intent as evident in the express and unambiguous words of a statute, and it may not go beyond the statute's plain meaning when the terms are clear. *See Tex. Lottery Comm'n v. First State Bank of DeQueen*, 325 S.W.3d 628, 637 (Tex. 2010); *Alex Sheshunoff Mgmt. Servs., L.P. v. Johnson*, 209 S.W.3d 644, 652 n.4 (Tex. 2006). Shona asks us to divine the intent of Gerald rather than the intent of the legislature. We decline to do so because the statute is clear and unambiguous. As the district court held, because Gerald designated Shona as the beneficiary before the divorce decree was entered, he was required to re-designate her if he wished for her to remain as the beneficiary after the divorce. Because Shona's designation was rendered ineffective by operation of law, we need not consider her additional argument that the language of the divorce decree was insufficient to waive a beneficial interest in the policy.

AFFIRMED.