# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

March 30, 2012

No. 11-50681
Summary Calendar

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

MARVIN WEBSTER, JR.,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 6:92-CR-26-4

Before KING, JOLLY, and GRAVES, Circuit Judges.

PER CURIAM:[*]

Marvin Webster, Jr., federal prisoner # 60145-079, moves for leave to proceed in forma pauperis (IFP) in this appeal from the district court's denial of his Federal Rule of Criminal Procedure 36 motion and his motion for reconsideration of the denial of his Rule 36 motion. Webster is serving a life sentence for conspiracy to possess with intent to distribute more than 50 grams of crack cocaine.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 11-50681

By moving to proceed IFP, Webster is challenging the district court's certification decision that his appeal was not taken in good faith because it is frivolous. *Baugh v. Taylor*, 117 F.3d 197, 202 (5th Cir. 1997). We review a district court's ruling on a Rule 36 motion and a motion for reconsideration under the abuse of discretion standard. *See United States v. Mueller*, 168 F.3d 186, 188 (5th Cir. 1999); *United States v. O'Keefe*, 128 F.3d 885, 892 (5th Cir. 1997).

Webster argues that the district court erred in finding that it did not need to amend the original Statement of Reasons for his sentence to reflect that his offense level was 41. He also argues that, because the Statement of Reasons stated that his criminal history category was I, not III, the district court erred in sentencing him based upon a criminal history category of III. Finally, he states that the district court erred in imposing written conditions in the written judgment that were not orally pronounced at sentencing. He asks that the case be remanded to the district court so it can sentence him based upon a criminal history category of I and a base offense level of 41 and that he be resentenced so he can contest the additional conditions of supervised released imposed by the written judgment. He alternatively asks that those conditions be removed from the written judgment.

Webster's Rule 36 motion and motion for reconsideration did not seek to correct an error that was the result of oversight or omission such that it may be corrected pursuant to Rule 36. *See* FED. R. CRIM. P. 36; *United States v. Slanina*, 359 F.3d 356, 357 (5th Cir. 2004). Accordingly, the district court did not abuse its discretion in denying his motions.

Because the appeal lacks any arguable merit, Webster's IFP motion is DENIED, *see Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983), and his appeal is DISMISSED as frivolous. *See* 5TH CIR. R. 42.2. Webster is WARNED that the filing of frivolous pleadings in the future may subject him to sanctions, including

No. 11-50681

dismissal, monetary sanctions, and restrictions on his ability to file pleadings in this court and any court subject to this court's jurisdiction.