# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 15-10352
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

January 19, 2016

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

      Plaintiff - Appellee

v.

RICHARD TILFORD,

      Defendant

v.

GINA TILFORD,

      Movant–Appellant

Appeal from the United States District Court
for the Northern District of Texas

Before HIGGINBOTHAM, ELROD, and SOUTHWICK, Circuit Judges.

PATRICK E. HIGGINBOTHAM, Circuit Judge:

## I.

Movant-appellant Gina Tilford was married to Richard Tilford from 1981 to 2014. In 2012, Mr. Tilford pled guilty to failing to file a tax return in 2006. The Court sentenced him to twelve months' imprisonment, one year supervised release, and restitution in the amount of $453,547.00. Following the filing of the judgment, the U.S. Attorney's Office applied for and received a writ of garnishment targeting the property and wages of Mr. and Mrs. Tilford. On

No. 15-10352

January 22, 2014, the Tilfords finalized their divorce. Mrs. Tilford alleges that for several years prior to the official end of their marriage, Mr. Tilford was emotionally abusive.

The district court entered an order on March 31, 2014, directing Mrs. Tilford's employer to withhold the portion of her earnings that accrued prior to the date of the divorce, including paid time off and contributions to her 401(k) and 403(b) retirement plans. Mrs. Tilford filed a Motion to Quash the Writs of Garnishment, as well as a Motion to Alter or Amend Judgment. The district court denied both, and finalized the garnishment on March 24, 2015. Mrs. Tilford timely filed an appeal.

## II.

We review garnishment orders for abuse of discretion.[1] The district court's interpretation of relevant statutory provisions are conclusions of law, which we review *de novo*.[2] Finally, we review the lower court's findings of fact for clear error.[3]

## III.

Mrs. Tilford concedes that the United States can garnish her solely-managed community property to pay restitution.[4] Indeed, the federal government can legally attach her earnings, including retirement funds, for purposes of satisfying her spouse's tax liability.[5] However, Mrs. Tilford argues

---

[1] *United States v. Elashi*, 789 F.3d 547, 548 (5th Cir. 2015); *see also United States v. Clayton,* 613 F.3d 592, 595 (5th Cir. 2010).

[2] *Id*.

[3] *Roberts v. C.I.R.*, 860 F.2d 1235, 1236 (5th Cir. 1988).

[4] *United States v. Loftis*, 607 F.3d 173, 179 n.7 (5th Cir. 2010) (citing 18 U.S.C. § 3613(c)) (once restitution is ordered, all of a defendant's property becomes subject to a lien in favor of the United States in the same manner as tax liens).

[5] *See Medaris v. United States*, 884 F.2d 832, 833-34 (5th Cir. 1989).

No. 15-10352

that the "Innocent Spouse" provision of the Internal Revenue Code Section 66(c) provides her with an affirmative defense.[6]

The district court concluded that Mrs. Tilford does not qualify for relief under § 66(c) for two reasons. First, it held that innocent spouse relief is only available as an affirmative defense to the government's efforts to assess a tax deficiency, not when the government is enforcing a criminal judgment. Second, the district court found that Mrs. Tilford "was aware that [her husband] earned an income as an insurance broker," disqualifying her under the knowledge provision of § 66(c)(3).

Mrs. Tilford contests the district court's decision. She argues that because the innocent spouse defense protects a non-liable spouse from payment of a tax deficiency, she should also be protected from an order of criminal restitution. We disagree. By its terms, § 66 defines how the Internal Revenue Code treats community income for the collection of federal income taxes. Within that provision, § 66(c) provides tax liability relief for innocent spouses. Criminal restitution, even as a penalty for a failure to pay taxes, is not a tax.

---

[6] Section 66(c) reads as follows:

(c) Spouse relieved of liability in certain other cases

Under regulations prescribed by the Secretary, if—

(1) an individual does not file a joint return for any taxable year,

(2) such individual does not include in gross income for such taxable year an item of community income properly includible therein which, in accordance with the rules contained in section 879(a), would be treated as the income of the other spouse,

(3) the individual establishes that he or she did not know of, and had no reason to know of, such item of community income, and

(4) taking into account all facts and circumstances, it is inequitable to include such item of community income in such individual's gross income,

then, for purposes of this title, such item of community income shall be included in the gross income of the other spouse (and not in the gross income of the individual). Under procedures prescribed by the Secretary, if, taking into account all the facts and circumstances, it is inequitable to hold the individual liable for any unpaid tax or any deficiency (or any portion of either) attributable to any item for which relief is not available under the preceding sentence, the Secretary may relieve such individual of such liability. 26 U.S.C. § 66(c).

3

Mr. Tilford's guilty plea makes that clear – he agreed to pay restitution "under § 18 U.S.C. 3663,"[7] which is a provision in the criminal code authorizing restitution for any number of crimes, most having nothing to do with taxes.[8] And the provision specifically authorizing criminal restitution in tax cases like Mr. Tilford's instructs the IRS to "assess and collect the . . . restitution . . . for failure to pay any tax . . . in the same manner *as if such amount were such tax.*"[9] Finally, Mrs. Tilford has not offered any statutory footing for a wider application of § 66(c), nor any cases applying the provision to criminal restitution orders. The district court correctly concluded that Mrs. Tilford cannot employ the innocent spouse defense.

Mrs. Tilford further argues that the district court incorrectly balanced the § 66(c) factors as applied to the facts of her case.[10] Since Mrs. Tilford cannot invoke the innocent spouse defense, we do not reach the issues attending a weighing of the relevant factors.

The district court's order denying Mrs. Tilford's Motion to Quash Writs of Garnishment is AFFIRMED.

---

[7] *See* Plea Agreement [30], *United States v. Tilford*, No. 4:12-CR-58-BJ (N.D. Tex. filed Jul. 11, 2012).

[8] *See* 18 U.S.C. § 3663(a)(1)(A) (listing offenses including violations under the Controlled Substances Act and transportation offenses, such as interfering with flight crew members).

[9] 26 U.S.C. § 6201(4)(A) (emphasis added).

[10] Mrs. Tilford cites to a 2013 regulation from the Treasury Department, which was "intended to give greater weight to the presence of abuse" over other factors – including the "knowledge" provision of § 66(c)(3). *See* 26 CFR § 601.105(3)(01); 26 CFR § 601.105(3)(07).