# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 19-11270

United States Court of Appeals
Fifth Circuit

**FILED**

June 5, 2020

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

     Plaintiff - Appellee

v.

LONNIE BRANTLEY,

     Defendant - Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:15-CR-225-1

Before CLEMENT, SOUTHWICK, and HIGGINSON, Circuit Judges.

PER CURIAM:*

The defendant pled guilty to making a false statement to the Department of Housing and Urban Development in violation of 18 U.S.C. § 1012. The district court entered judgment, ordering over $3 million in restitution. Because the defendant still owes most of that restitution, the Government sought to collect under the Federal Debt Collection Procedures Act. The district court found the defendant made a fraudulent transfer to his wife, so

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 19-11270

the court voided the transfer.  The district court also denied the defendant's motion to correct the judgment for two purported clerical errors.  We AFFIRM.

FACTUAL AND PROCEDURAL BACKGROUND

The defendant Lonnie Brantley owned a mortgage company called R.H. Lending ("RHL").  The company was approved to originate loans insured by the Federal Housing Administration.  After a 2011 audit by the Department of Housing and Urban Development ("HUD"), the company was assessed two civil penalties, the first in 2013 for $295,500, and the second in 2014 for $300,000.

The HUD-1 Settlement Statements for many of RHL's loans listed Sky Contractors, Inc. ("Sky") as being paid substantial fees.  So, in 2012, HUD asked RHL to clarify Sky's role in the construction process.  In his correspondence with HUD, Brantley drafted and submitted an affidavit in which he falsely claimed that he never had an ownership interest in Sky. Brantley in fact was the sole shareholder of Sky.  Had he disclosed that ownership interest, it would have impaired his ability to get a loan application approved by HUD.  Brantley's associate, and later co-defendant, Steve Holmes, also submitted affidavits to HUD, falsely asserting that Brantley did not own or have an interest in Sky.

Brantley married his wife Anna in February 2012.  In February 2015, the couple executed a postmarital property agreement, transferring much of Brantley's property to Anna as her separate property.  Among the property transferred was Brantley's interest in their residential property in Southlake, Texas.  Holmes represented Brantley in executing the agreement.

The Government filed criminal charges against Brantley and Holmes in June 2015 under 18 U.S.C. §§ 1001 and 1010, respectively.  During plea negotiations, the Government first offered Brantley a deal with restitution of $414,371.17, jointly and severally with Holmes, if Brantley pled guilty to a

felony offense.  Ultimately, the Government agreed to let Brantley plead to a misdemeanor instead under 18 U.S.C. § 1012, but the Government increased the amount of restitution.

On September 29, 2015, Brantley agreed to plead guilty to one count of a misdemeanor — making a false statement to HUD under 18 U.S.C. § 1012. As this was a misdemeanor offense, Brantley requested the case be transferred to a magistrate judge for entry of plea and sentencing.  18 U.S.C. § 3401(a). The magistrate judge entered judgment and sentenced Brantley to sixty months of probation and restitution of $3,358,272.94.

On October 6, 2017, the Government moved for a finding of default and/or resentencing, avoidance of fraudulent transfers, sale of real property, and increased payment schedule.  After multiple hearings, the magistrate judge partially granted the Government's requested relief on May 21, 2018. Specifically, the magistrate judge (1) declared Brantley's postnuptial agreement with his wife to be null and void under 28 U.S.C. §§ 3304 and 3306; (2) ordered that the real property would be sold by a receiver; and (3) ordered Brantley to start making minimum monthly payments of $2,059.  The magistrate judge denied the Government's other requested relief and denied Brantley's motion for an extension of time.  Brantley filed a notice of appeal for this court to review the magistrate judge's order.

On September 4, 2018, Brantley moved the district court to correct the judgment under Rule 36 and to enforce the plea agreement.  FED. R. CRIM. P. 36.  The magistrate judge denied Brantley's motion on October 18.  Brantley moved for reconsideration, which the magistrate judge denied on November 29.  The next day, Brantley filed a second notice of appeal to this court.

We consolidated the two appeals, then dismissed and remanded for lack of appellate jurisdiction.  *United States v. Brantley*, 776 F. App'x 853, 854 (5th Cir. 2019).  Brantley then appealed the magistrate's orders to the district court.

No. 19-11270

The district court affirmed the magistrate's rulings and rendered final judgment for the Government.  Now Brantley appeals anew.

## DISCUSSION

### I.     *Fraudulent conveyance*

The district court affirmed the magistrate's voiding the postmarital agreement as fraudulent under the Federal Debt Collection Procedures Act ("FDCPA").  28 U.S.C. §§ 3304, 3306.  The parties disagree on what standard of review this court should apply.  Brantley asks for *de novo* review as applicable to summary judgment.  *United States v. Loftis*, 607 F.3d 173, 176 n.2 (5th Cir. 2010).  We do not have a summary judgment before us, though.  The magistrate judge voided the postmarital agreement as fraudulent based on undisputed facts, but it did not explicitly grant summary judgment.  The district court first said it was reviewing a summary judgment, but it proceeded to review legal issues *de novo* and review factual findings for clear error.  We will not treat the district court's order as a *de facto* summary judgment.  Rather, we review legal conclusions *de novo* and factual findings for clear error. *See United States v. Tilford*, 810 F.3d 370, 371 (5th Cir. 2016) (reviewing a garnishment order).

Brantley argues that the district court erred in voiding the postmarital property agreement because the record does not establish fraud.  The FDCPA lays out both actual-fraud and constructive-fraud theories.   § 3304. Constructive fraud exists where "the debtor makes the transfer or incurs the obligation . . . (B) without receiving a reasonably equivalent value in exchange for the transfer or obligation if the debtor . . . (ii) intended to incur, or believed or reasonably should have believed that he would incur, debts beyond his ability to pay as they became due."  § 3304(b)(1)(B)(i)–(ii).

Brantley does not argue that he "receiv[ed] a reasonably equivalent value in exchange for the transfer." § 3304(b)(1)(B). He testified in a deposition that he and his wife entered the postmarital agreement "[j]ust due to the fact of winding down the R.H. Lending facilities," so that his wife and children "would have something and I would have something. For the best interest of my wife and my children and myself." When asked, though, Brantley admitted he received nothing from the transfer. Thus, the first element of constructive fraud is established. Regardless of whether the Government is overestimating the value of the transferred assets, Brantley received nothing in return, which is not a reasonably equivalent value.

The next question is whether Brantley "reasonably should have believed that he would incur[] debts beyond his ability to pay as they became due." § 3304(b)(1)(B)(ii). Brantley argues that when he made the transfer to his wife, he did not know about his imminent indictment a few months later. We have held that a defendant "should have reasonably believed that he was incurring debts beyond his ability when he defrauded . . . the government of millions of dollars." *Loftis*, 607 F.3d at 177–78. Brantley knew he had lied to HUD, and because his company had just been assessed civil penalties, he should have known criminal prosecution, and thus restitution, could lead to debts beyond his ability to pay. We agree with the magistrate judge and district court that the transfer was fraudulent.

Because we may affirm based on a constructive-fraud theory, we need not determine whether Brantley actually intended to defraud his creditors. The district court did not err in voiding the fraudulent transfer.

## II.    *Rule 36 issues*

Rule 36 provides, "After giving any notice it considers appropriate, the court may at any time correct a clerical error in a judgment, order, or other

part of the record, or correct an error in the record arising from oversight or omission." FED. R. CRIM. P. 36. That Rule grants to district courts the discretion inherent in the phrase "may grant." We agree with the analysis performed by another panel of this court when it held that a denial of a Rule 36 motion is reviewed for an abuse of discretion. *United States v. Webster*, 466 F. App'x 319, 320 (5th Cir. 2012). Any interpretation of a court rule, such as Rule 36, is performed *de novo*. *United States v. Mackay*, 757 F.3d 195, 197 (5th Cir. 2014). Here, Brantley seeks to use Rule 36 to correct two perceived clerical errors in the underlying judgment. We will examine each perceived error.

### A.     *Crediting previously paid civil penalties toward restitution*

Brantley argues that the district court did not comply with the plea agreement because it did not credit the money RHL paid in civil fines toward Brantley's restitution obligation. The agreement provided that Brantley would "receive credit for any amount already paid toward the losses that are the subject of this restitution obligation."

On July 7, 2015, Brantley's attorney, J. Warren St. John, emailed the Government attorney with several questions about the plea agreement. As relevant here, the attorney asked the following: "Mr. Brantley has paid HUD $595,000 in civil penalties to date, has that amount been taken into consideration in deriving at [*sic*] the proposed restitution?" The Government attorney responded:

> We've been over the civil penalties with . . . Brantley several times. Those penalties were for a variety of offenses and the payment thereof would not be credited to Brantley's restitution obligation in this deal. If he would prefer to reject this deal, go to trial, and argue at sentencing that some or all of the fees he paid should be credited against restitution, he can do so.

The Government attorney additionally wrote that he "fe[lt] like [they] were going in circles" because he had gone over the issue "a number of times" with

Brantley's previous lawyer.  In addition, the magistrate judge asked the defendant, "Are all of the terms of your agreement with the Government set forth in the plea agreement and the supplement?"  Brantley responded affirmatively.  Brantley also acknowledged that he was aware that the plea agreement included specific restitution.  In all, the record supports that not crediting RHL's civil penalties paid was not a clerical error.  The district court did not abuse its discretion.

### B.    *Joint and several liability*

Brantley also argues that his restitution obligation should have been joint and several with his co-defendant Holmes.  The plea agreement did not make the restitution obligation joint and several.  Brantley contends, though, that during the plea negotiations, the parties understood that the obligation would be joint and several.  Brantley's former attorney, St. John, submitted an affidavit, alleging that during the plea negotiations, "it was the parties' intent that the restitution amount that Lonnie Brantley was ordered to pay would be joint and several with Steve Holmes."

We have said that "parol evidence is inadmissible to prove the meaning of an unambiguous plea agreement." *United States v. Long*, 722 F.3d 257, 262 (5th Cir. 2013) (quoting *United States v. Ballis*, 28 F.3d 1399, 1410 (5th Cir. 1994)).  Accordingly, we need not look beyond the four corners of the document. *Id.*  The plea agreement clearly did not make the restitution obligation joint and several.  Brantley is not entitled to relief under Rule 36.

AFFIRMED.