# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

September 9, 2020

Lyle W. Cayce
Clerk

No. 20-50046
Summary Calendar

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

JOSE ABELARDO DOMINGUEZ,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Western District of Texas
USDC No. 7:18-CR-36-1

Before DAVIS, STEWART, and DENNIS, *Circuit Judges*.

PER CURIAM:*

Jose Abelardo Dominguez, federal prisoner # 83259-080, pleaded guilty to fraud and making false statements (count three) and engaging in monetary transactions (count eight) and was sentenced to 36 months of imprisonment for each offense, to be served concurrently; one year of

---

* Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIRCUIT RULE 47.5.4.

supervised release on count three and three years of supervised release on count eight, to be served concurrently; a $10,000 fine; $1,971,072.45 in restitution; and a $200 special assessment. He appeals a final order of garnishment of his Individual Retirement Account (IRA), which the Government obtained to enforce the restitution order. According to Dominguez, the IRA constituted "other income" that was exempt from garnishment under 26 U.S.C. § 6334(a)(8), because the IRA was necessary to comply with a state child support judgment, requiring him to pay a total of $1227 per month.

We "review garnishment orders for abuse of discretion." *United States v. Tilford*, 810 F.3d 370, 371 (5th Cir. 2016). The district court's interpretation of a statute is a conclusion of law, which is reviewed de novo, and fact findings are reviewed for clear error. *Id.* "A trial court abuses its discretion when its ruling is based on an erroneous view of the law or a clearly erroneous assessment of the evidence." *United States v. Crawley*, 533 F.3d 349, 358 (5th Cir. 2008) (internal quotation marks and citation omitted).

To establish that the IRA was exempt from garnishment, Dominguez was required to show that it fell within the meaning of the term "other income" in § 6334(a)(8) and that it was necessary to comply with the child support judgment. *See* § 6334(a)(8); 28 U.S.C. §§ 3014(b)(2) and 3205(c)(5). Dominguez has not cited any authority supporting his argument that his IRA constitutes "other income" necessary to comply with the child support judgment. We need not resolve this issue because Dominguez has not met his burden to show that the IRA was necessary to comply with the child support judgment. *See* §§ 3014(b)(2) and 3205(c)(5).

The presentence report provided detailed information concerning Dominguez's income, assets, and liabilities and stated that his total net worth was $4,313,147.97. Prior to his incarceration, Dominguez had a monthly

No. 20-50046

income of approximately $11,500 including $4,500 from a business, which renovated and rented properties; his monthly expenses, including child support, were approximately $5,501.  Although some of his properties were forfeited to the Government, Dominguez did not argue or show in the district court or on appeal that he no longer receives $4,500 in monthly rental income.  Given that Dominguez has substantial assets and ongoing rental income, he has not shown that his IRA was necessary for him to comply with the child support judgment.  Therefore, he has not shown that the district court abused its discretion by granting the Government's motion for a final order of garnishment.  *See Tilford*, 810 F.3d at 371.

AFFIRMED.