# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
April 7, 2021

Lyle W. Cayce
Clerk

No. 20-30044
Summary Calendar

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

RONALD RAY CARDWELL,

*Defendant*,

DEBRA ANNE CANTERBURY, *Appearing and moving for reconsideration of Order on Motion to Foreclose Judgment Lien and Private Sale of Property as to* RONALD RAY CARDWELL,

*Movant—Appellant*.

---

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 3:05-CR-30028-1
USDC No. 3:05-CR-30028-2

---

Before WIENER, SOUTHWICK, and DUNCAN, *Circuit Judges*.

No. 20-30044

Per Curiam:*

In 2006, Ronald Ray Cardwell, the former husband of Debra Anne Canterbury, pleaded guilty to bank fraud and was sentenced to four months of imprisonment, three years of supervised release, and restitution in the amount of $162,440.78. In March 2019, the Government filed a motion to foreclose a judgment lien and for private sale of real property located in St. Tammany Parish, Louisiana, to collect the remaining balance of the restitution owed by Cardwell. In October 2019, after the Government obtained Canterbury's current address, it served her with its supplemental motion to foreclose. The district court initially granted the motion. Canterbury filed a response opposing the Government's motion. The district court subsequently withdrew its order granting the motion, allowed the parties to file pleadings, and held a hearing at which the interested parties, including Canterbury, appeared. The district court granted the Government's motion. Canterbury timely appealed.

Canterbury argues the district court erred in granting the Government's motion. We review orders issued to enforce a restitution order for abuse of discretion. *United States v. Clayton*, 613 F.3d 592, 595 (5th Cir. 2010) (concerning garnishment order). A district court abuses its discretion if its decision is based on an erroneous determination of the law. *United States v. Elashi*, 789 F.3d 547, 548 (5th Cir. 2015). Questions of law, such as an issue of statutory interpretation, are reviewed de novo. *Id.* We review factual findings for clear error. *United States v. Tilford*, 810 F.3d 370, 371 (5th Cir. 2016).

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

The district court did not abuse its discretion in granting the Government's motion to enforce the restitution judgment against Cardwell pursuant to the Mandatory Victims Restitution Act (MVRA). *See United States v. Phillips*, 303 F.3d 548, 550-51 (5th Cir. 2002) (citing 18 U.S.C. § 3664(m)(1)(A)(i)-(ii)). A federal criminal restitution order may be enforced like a fine, § 3664(m)(1)(A), and the Government may "enforce a judgment imposing a fine in accordance with the practices and procedures for the enforcement of a civil judgment under Federal law or State law." 18 U.S.C. § 3613(a); *see Phillips*, 303 F.3d at 551; *see also Elashi*, 789 F.3d at 549 (stating that under § 3613(c) of the MVRA "federal criminal debts are to be treated in the same manner as federal tax liens"). Foreclosing the lien upon the property was a valid method available to the Government. *See* 26 U.S.C. § 7403(c) (providing that district court may order sale of property to satisfy tax lien); 28 U.S.C. § 2001 (providing procedure for sale of foreclosed property).

"[T]he law of the debtor's domicile state defines the property interests to which a judgment lien may attach." *United States v. Berry*, 951 F.3d 632, 637 (5th Cir. 2020). In 1991, Cardwell and Canterbury were married and lived in Louisiana; they entered into a matrimonial agreement establishing a separate property regime. They signed a contract terminating that agreement, effective January 1, 2005, establishing a community property regime. They acquired the real property at issue in 2012. They divorced in 2015. Although the judgment of divorce terminated the community property regime retroactively to the date that the petition for divorce was filed, *see Warner v. Warner*, 859 So. 2d 146, 149 (La. Ct. App. 2003), they continued to be co-owners of the former community property after the termination of the community because the community was not finally partitioned. *See Robinson v. Robinson*, 778 So. 2d 1105, 1118 (La. 2001). Given the sequence of events, the property of the former community could be seized by the

No. 20-30044

Government to satisfy Cardwell's restitution obligation, whether it was a separate or a community obligation. *See* LA. CIVIL CODE art. 2345; LA. CIVIL CODE art. 2357; *Finance One of Houma, L.L.C. v. Barton*, 769 So. 2d 739, 741 (La. Ct. App. 2000). Therefore, the district court did not abuse its discretion in granting the Government's motion to foreclose the judgment lien and for private sale of the property. *See Elashi*, 789 F.3d at 548; *Clayton*, 613 F.3d at 595. In addition, the district court found Canterbury failed to show she did not benefit from Cardwell's actions that incurred the obligation, and she has not shown the district court's finding was clearly erroneous. *See Tilford*, 810 F.3d at 371. Also, Canterbury does not contend, much less show, that the foreclosed property falls within any statutory exemptions from levy. *See* 26 U.S.C. § 6334(a)(1)-(8), (10), (12), *cited in* § 3613(a)(1).

Next, Canterbury contends that she did not receive proper notice of the Government's motion to foreclose when it was filed in March 2019. However, she received notice when the Government sent its supplemental motion to her by regular first-class mail in October 2019. The district court withdrew its order granting the Government's motion, considered the pleadings filed by Canterbury and the Government, and held a hearing concerning the motion at which Canterbury was allowed to present her arguments in opposition to the motion. Because Canterbury received actual notice of the Government's supplemental motion by mail and was given an opportunity to present her objections to the Government's motion before the district court made its decision, she has not shown that her due process rights were violated. *See United Student Aid Funds, Inc. v. Espinosa*, 559 U.S. 260, 272 (2010); *see also In re Sam*, 894 F.2d 778, 782 (5th Cir. 1990).

Finally, Canterbury asserts that the district court erred in denying her request to review the audiotape of the hearing on the Government's motion. *See In re Pratt*, 511 F.3d 483, 484 (5th Cir. 2007). Her request was related to her allegations that the transcript was incomplete. However, as the

4

No. 20-30044

Government contends, the alleged transcript omissions she complains about on appeal did not affect her substantial rights. *See* FED. R. CRIM. P. 52(a); FED. R. CIV. P. 61. The record does not indicate that the district court was biased against Canterbury in any way, and the allegedly omitted statements would not affect that conclusion or otherwise undermine the district court's judgment. *See Liteky v. United States*, 510 U.S. 540, 555 (1994).

AFFIRMED.