# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

June 28, 2024

Lyle W. Cayce
Clerk

———————

No. 23-40375

———————

Transamerica Life Insurance Company,

*Plaintiff*,

*versus*

Holly L. Moore,

*Defendant—Appellee*,

*versus*

Jeffrey H. Simpson,

*Defendant—Appellant*.

———————————————————————

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 4:22-CV-340

———————————————————————

Before Richman, *Chief Judge*, and Graves and Wilson, *Circuit Judges*.

Cory T. Wilson, *Circuit Judge*:

Texas Family Code § 9.301 generally operates to strip "the insured's spouse" of beneficiary interests in insurance policies once a divorce decree renders the policy beneficiary an ex-spouse. This case turns on whether "the

insured's spouse" includes someone who was named a policy beneficiary *before* she became the insured's spouse: Ian Simpson took out a life insurance policy and named his fiancée Holly Moore primary beneficiary and his father Jeffrey Simpson contingent beneficiary. The couple then married, then divorced, and then Ian died without ever changing the policy beneficiaries.

The district court held that § 9.301 comes into play only if the insured and the beneficiary were married when the insurance policy was purchased. The court reasoned that because a policy purchased prior to marriage did not name "the insured's spouse," a later divorce decree would not divest the beneficiary of insurance proceeds. But § 9.301's text indicates that "the insured's spouse" centers on an individual's status at the time a divorce decree is rendered, regardless of when a policy was first obtained. Therefore, we reverse the district court's judgment awarding Ian's policy proceeds to Holly and render judgment in favor of Jeffrey Simpson.

## I.

Ian Simpson purchased a $100,000 life insurance policy (the Policy) from Transamerica Life Insurance Company in February 2018. Ian named his fiancée Holly Moore as the primary beneficiary and his father Jeffrey Simpson (Simpson) as the contingent beneficiary. Ian and Holly married in September 2018 but divorced in January 2021. Their divorce decree stipulates that Holly was "divested of all right, title, interest, and claim in and to . . . [a]ll policies of life insurance (including cash values) insuring [Ian]'s life." Ian remained owner of the Policy, but he never changed its beneficiary designations.

Ian died on May 2, 2021. Holly filed a claim with Transamerica for the Policy proceeds in August 2021. Invoking Texas Family Code § 9.301, Transamerica responded in November 2021 that "Holly [] is not the beneficiary," and declined to pay her the Policy benefits. Instead,

No. 23-40375

Transamerica notified Simpson that he had succeeded to the position of primary beneficiary, and Simpson followed with a claim for the life insurance proceeds. Facing competing claims and asserting ambiguity in Texas law, Transamerica filed an interpleader action in federal district court. The district court granted Transamerica's motion for interpleader relief, Transamerica deposited the disputed funds minus attorneys' fees into the court registry, and the case continued between Holly and Simpson.

The parties cross-moved for summary judgment. The district court, making an *Erie* guess,[1] concluded that § 9.301 did not apply to separate property acquired prior to marriage because "the text of § 9.301 makes clear that the statute applies only to 'community property life insurance policies acquired during marriage.'" *Transamerica Life Ins. Co. v. Moore*, 675 F. Supp. 3d 744, 753 (E.D. Tex. 2023) (quoting *Primamerica Life Ins. Co. v. Simpson*, No. 1:10-cv-163, 2011 WL 13238321, at *12 (W.D. Tex. Feb. 23, 2011)). Building on this interpretation, the court found that the Policy had been Ian's separate property under Texas's "inception-of-title" rule, and thus not part of the marital estate, and entered summary judgment for Holly. *Id.* at 751–52. The court awarded her the interpleaded funds plus interest. Simpson moved for reconsideration, which the court denied.

Simpson now appeals, contending that either the text of § 9.301 or the terms of Ian and Holly's divorce decree operate to divest Holly of any right to the Policy proceeds.

---

[1] *Erie R. Co. v. Tompkins*, 304 U.S. 64 (1938); *see, e.g.*, *Weyerhaeuser Co. v. Burlington Ins. Co.*, 74 F.4th 275, 284 (5th 2023) (outlining that a federal court may make an "*Erie* guess" to interpret state law when a state's highest court has not rendered an on-point decision).

No. 23-40375

## II.

We review summary judgments *de novo*. *In re La. Crawfish Producers*, 852 F.3d 456, 462 (5th Cir. 2017). We likewise review *de novo* the district court's determination of underlying questions of law, including those of statutory interpretation. *Evanston Ins. Co. v. Mid-Continent Cas. Co.*, 909 F.3d 143, 146 (5th Cir. 2018); *United States v. Tilford*, 810 F.3d 370, 371 (5th Cir. 2016). "When we interpret a Texas statute, we follow the same rules of construction that a Texas court would apply—and under Texas law the starting point of our analysis is the plain language of the statute." *Cruz v. Abbott*, 849 F.3d 594, 599 n.8 (5th Cir. 2017) (quoting *Wright v. Ford Motor Co.*, 508 F.3d 263, 269 (5th Cir. 2007)). "Texas courts aim to give effect to legislative intent, and they 'rely on the plain meaning of the text as expressing legislative intent.'" *Id.* (quoting *Tex. Lottery Comm'n v. First State Bank of DeQueen*, 325 S.W.3d 628, 635 (Tex. 2010)). "Where text is clear, text is determinative of that intent." *Evanston Ins. Co. v. Dillard Dep't. Stores, Inc.*, 602 F.3d 610, 615 (5th Cir. 2010).

Texas Family Code § 9.301 states:

Pre-Decree Designation of Ex-Spouse as Beneficiary of Life Insurance

(a) If a decree of divorce or annulment is rendered after an insured has designated the insured's spouse as a beneficiary under a life insurance policy in force at the time of rendition, a provision in the policy in favor of the insured's former spouse is not effective unless:

> (1) the decree designates the insured's former spouse as the beneficiary;

> (2) the insured redesignates the former spouse as the beneficiary after rendition of the decree; or

4

No. 23-40375

> (3) the former spouse is designated to receive the proceeds in trust for, on behalf of, or for the benefit of a child or a dependent of either former spouse.
>
> (b) If a designation is not effective under Subsection (a), the proceeds of the policy are payable to the named alternative beneficiary or, if there is not a named alternative beneficiary, to the estate of the insured.

Simpson contends that "the insured's spouse" refers to a beneficiary's status at the time of a divorce decree's rendition, such that § 9.301(a) divests a divorcing spouse of interests in a life insurance policy if she was named beneficiary any time prior to the decree. Holly counters that "the insured's spouse" "refers to the beneficiary's status at the time of designation, not to the beneficiary's status at the time of a divorce decree." In her view, "§ 9.301 does not apply to a life insurance policy that was separate property of the decedent and issued prior to the marriage."

Neither the Supreme Court of Texas nor Texas's intermediate appellate courts have squarely resolved whether Simpson's or Holly's reading is correct. Instead, prior Texas cases, like ours, have delimited beneficiary designations occurring before and after *the decree*, rather than *the marriage*. *E.g.*, *Gray v. Nash*, 259 S.W.3d 286, 291 (Tex. App. 2008, pet. denied) (concluding that § 9.301 did not nullify designation where insured designated ex-spouse as beneficiary after a divorce decree, as the statute applies "to life insurance policies issued before a trial court renders a decree"); *see also Baker v. Bizzle*, 687 S.W.3d 285, 297 (Tex. 2024) (noting that § 9.301 "places conditions on the validity of a provision in a life insurance policy issued before a divorce naming the former spouse as a beneficiary") (Lehrmann, J., concurring); *accord Provident Life & Acc. Ins. Co. v. Cleveland*, 460 F. App'x 359, 361 (5th Cir. 2012) ("[B]ecause [the insured] designated [his ex-spouse] as the beneficiary before the divorce decree was

entered, he was required to re-designate her if he wished for her to remain as the beneficiary after the divorce.").

Nonetheless, the more straightforward reading of § 9.301 indicates that "the insured's spouse" refers to the marital relationship at the time of a divorce decree's rendition, regardless of when an insurance policy was purchased, and the beneficiary initially named. The text of § 9.301 addresses what happens when a divorce decree is "rendered after an insured has designated the insured's spouse as a beneficiary" of a policy "in force at the time of rendition." Tex. Family Code § 9.301(a). The whole focus is on the divorcing spouses—one, the insured and the other, the named beneficiary—at the time of *rendition*, not at the inception of the policy. Section 9.301's text nowhere distinguishes between beneficiary designations made before marriage, or during.[2] If an insured has designated as beneficiary the person who is his or her spouse at the time a divorce decree is rendered, § 9.301(a) makes that designation ineffective, absent a cognizable exception. Because Ian and Holly's divorce was rendered "after [Ian] ha[d] designated [his] spouse as a beneficiary under a life insurance policy in force at the time of rendition," § 9.301(a)'s predicates were met, the "provision in the [P]olicy in favor of [Holly] is not effective," and under § 9.301(b), "the proceeds . . . are payable to the named alternative beneficiary," *i.e.*, Simpson.

Section 9.301(a)'s enumerated exceptions reinforce this conclusion. A beneficiary designation in favor of a former spouse survives rendition if "the decree designates the insured's former spouse as the beneficiary," *id.*

---

[2] The heading of § 9.301 likewise centers on the timing of the divorce decree: "*Pre-Decree* Designation of Ex-Spouse." (emphasis added); *see* A. Scalia & B. Garner, Reading Law: The Interpretation Of Legal Texts 221 (2012) (explaining that under the "Title-and-Headings" Canon, statute titles can aid in resolving drafters' intent).

§ 9.301(a)(1), or if the insured himself "redesignates the former spouse as the beneficiary after rendition," *id.* § 9.301(a)(2); *see Gray*, 259 S.W.3d at 288–89. The statute thus anticipates that either the decreeing court or the divorcing policy owner may opt-out of the general rule, by so specifying either at the time of the decree or thereafter. But again, the exceptions to the rule focus on beneficiary designations either at the time of rendition, or afterward; there is no exception for designations made pre-marriage that persist through marriage up to rendition. *Cf. Quick v. City of Austin*, 7 S.W.3d 109, 122–23 (Tex. 1998) (noting that Texas courts presume that when the Texas Legislature decides "not to include [] an express provision . . . [the] omission has a purpose"). And of course, neither exception applies here: The divorce decree expressly states that it "divested [Holly] of all right, title, interest, and claim in and to . . . [a]ll policies of life insurance (including cash values) insuring [Ian]'s life,"[3] and Ian made no change to the Policy designation after the divorce.

Finally, nothing in our reading of the statute "necessarily create[s] a risk of divesting a spouse of their separate property." *Transamerica*, 675 F. Supp. 3d at 753. True enough, and as the district court reasoned, Texas law makes clear that "a [Texas] court cannot divest an owner of separate property." *Pearson v. Fillingim*, 332 S.W.3d 361, 363 (Tex. 2011) (citing TEX. CONST. art. I, § 19). And "[i]nsurance policies are governed by the inception-of-title doctrine, meaning the separate or community character of a policy is determined by the time and circumstances of its acquisition." *Rolls*

---

[3] Because § 9.301 divested Holly of her beneficiary interest by operation of law, we need not decide whether the divorce decree independently stripped her beneficiary interest. But the decree clearly did not re-designate her as the beneficiary to bring her within § 9.301(a)(1).

*v. Rolls*, No. 03-14-00435-CV, 2016 WL 284373, at *2 (Tex. App. Jan. 14, 2016, no pet.) (citing *Barnett v. Barnett*, 67 S.W.3d 107, 111 (Tex. 2001)).

But the question of whether the Policy here was Ian's separate property, as opposed to community property of the spouses' marital estate, is beside the point. Ian remained the owner of the Policy before marriage, *arguendo* during marriage, and after rendition. The relevant question is who the proper *beneficiary* was, specifically who it was *after* Ian and Holly's divorce decree. Contra the district court's holding, Ian never risked being divested of any property interest, separate or otherwise—and Holly never had one, because "a named beneficiary has no vested interest in the policy proceeds . . . ." *Rotating Servs. Ind. Inc. v. Harris*, 245 S.W.3d 476, 481 (Tex. App.—Houston [1st Dist.] 2007) (rev. den'd Sep. 21, 2007) (citations omitted).[4] "[T]he beneficiary . . . obtains no vested interest in the proceeds of the policy prior to the death of the insured. The insured may change the beneficiary at will and thereby divest a prior beneficiary of all interest in the proceeds of the policy." *Volunteer State Life Ins. v. Hardin*, 197 S.W.2d 105, 107 (Tex. 1946).

Where an individual purchases an insurance policy before marriage— even assuming it remains his separate property, § 9.301 thus does not modify the policy owner's property interest.[5] Instead, § 9.301 sets a default rule

---

[4] There are two exceptions to the rule that a named beneficiary has no vested interest in a policy: (1) when a separate contract proscribes beneficiary changes, and (2) when the policy itself does not authorize its owner to change the beneficiary. *See Harris*, 245 S.W.3d at 481 (citations omitted). Neither exception is relevant here.

[5] As the district court concluded, the Policy likely remained Ian's separate property during the marriage. Under Texas law, life insurance policies do not become community property after marriage, even if premiums are paid with community funds. *See Rolls*, 2016 WL 284373, at *2 (holding that the insurance policy at issue was husband's separate property under the inception-of-title rule because he acquired it prior to the marriage). Reversing the trial court's division of the policy's cash value, the *Rolls* court instructed that

divesting a beneficiary-spouse of her interest in the policy upon rendition of a divorce decree. That default rule applies here, and Holly was divested of her interest in the Policy upon rendition of Ian and Holly's divorce.

## III.

Under Texas Family Code § 9.301, "the insured's spouse" refers to a policy beneficiary's status at the time a divorce decree is rendered—not when that beneficiary is initially designated by the policy owner. And by operation of § 9.301, absent an exception, a divorce decree divests a divorcing spouse of his or her beneficiary interest in such a policy. Applied here, § 9.301 divested Holly of her beneficiary interest in the Policy after the divorce decree's rendition, and Simpson is entitled to the Policy proceeds as the contingent beneficiary. Thus, the judgment of the district court is

REVERSED and RENDERED.

---

"[a]t most, [the ex-spouse] could only seek a portion of the reimbursement the community estate might be entitled to for premiums paid during the marriage." *Id.* (citation omitted).

No. 23-40375

James E. Graves, Jr., *Circuit Judge*, concurring:

The majority's interpretation of Texas Family Code § 9.301 is compelling. But the district court's contrary *Erie* guess is equally compelling. In the "Statement Regarding Oral Argument" section of the Appellant's brief, the Appellant remarks that our panel "may consider certifying a question to the Supreme Court of Texas regarding the interpretation of § 9.301 as applied to the facts of this appeal." Neither the Appellant nor the Appellee otherwise addresses or urges certification. But the majority notes, "[n]either the Supreme Court of Texas nor Texas's intermediate appellate courts has squarely resolved" whether the Appellant's reading or the district court's reading is correct, Op., 5. For that reason, certification to the Supreme Court of Texas "is prudent and appropriate in this case." *Silguero v. CSL Plasma, Inc.*, 907 F.3d 323, 333 (5th Cir. 2018), certified question accepted (Oct. 26, 2018), certified question answered, 579 S.W.3d 53 (Tex. 2019).

"Texas rules provide that we may certify 'determinative questions of Texas law having no controlling Supreme Court [of Texas] Precedent' to the Supreme Court of Texas. Tex. R. App. P. 58.1." *Id.* at 332. We analyze the following factors to determine whether a question of state law is fit for certification:

> (1) the closeness of the question and the existence of sufficient sources of state law; (2) the degree to which considerations of comity are relevant in light of the particular issue and case to be decided; and (3) practical limitations of the certification process: significant delay and possible inability to frame the issue so as to produce a helpful response on the part of the state court.

*Id.* at 333. The first factor favors certification because there is no state law guidance. The Texas cases cited by the majority regarding § 9.301 pertain to

10

No. 23-40375

beneficiary designations that occur before and after a *divorce decree*. Op., 5. This case asks us to determine whether § 9.301 applies to a beneficiary designation that occurred before a *marriage*.

The second factor favors certification because "important state interests are at stake." *Free v. Abbott Lab'ys, Inc.*, 164 F.3d 270, 274 (5th Cir. 1999). All ex-spouses who were designated beneficiaries before their marriage are denied any beneficiary interests by today's interpretation of § 9.301.

"With respect to the final factor, [I] perceive no hardship in certifying the question. We can formulate discrete issues for consideration, and the Supreme Court of Texas has been prompt in its responses." *Silguero*, 907 F.3d 323, 333 (5th Cir. 2018).

Despite my view regarding certifying the question to the Supreme Court of Texas, I acquiesce in today's ruling because the *Erie* guess of the district court and the *Erie* guess of today's opinion are equally forceful.