# United States Court of Appeals
# for the Fifth Circuit

———————————

No. 24-40506
Summary Calendar

———————————

United States Court of Appeals
Fifth Circuit

**FILED**

May 1, 2025

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

LAWRENCE ALLEN DESHETLER,

*Defendant—Appellant*.

———————————————————————

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 1:17-CR-73-1

———————————————————————

Before DENNIS, HO, and OLDHAM, *Circuit Judges*.

PER CURIAM:[*]

Lawrence Allen Deshetler was ordered to pay restitution after he pleaded guilty to mail fraud.  The Government successfully applied to the district court to enforce the restitution order by garnishing Deshetler's bank accounts.  Proceeding pro se, Deshetler appeals the order of garnishment. The Government moves for summary affirmance.

———————————————

[*] This opinion is not designated for publication. *See* 5TH CIR. R. 47.5.

No. 24-40506

This court generally "review[s] garnishment orders for abuse of discretion." *United States v. Tilford*, 810 F.3d 370, 371 (5th Cir. 2016). Unpreserved errors, however, are reviewed for plain error only. *See Crawford v. Falcon Drilling Co.*, 131 F.3d 1120, 1123 (5th Cir. 1997). To prevail under the plain error standard, Deshetler must show (1) an error (2) that is plain or obvious (3) that affects his substantial rights. *Quinn v. Guerrero*, 863 F.3d 353, 358 (5th Cir. 2017). If those three requirements are met, this court has the discretion to correct the error if it "seriously affects the fairness, integrity or public reputation of judicial proceedings." *Id.* (internal quotation marks and citation omitted).

Deshetler argues, for the first time on appeal, that his property should not be garnished because of a law exempting furniture and certain books from garnishment. He asserts that these exemptions are applicable because he is planning to use the money in his bank accounts to pay for furniture for his home in Nicaragua and books for a theology program that would help in his work there. However, the statutory exemptions that he invokes exempt the books and furniture themselves; those provisions do not expressly exempt cash or money that would be used to purchase books and furniture in the future. 26 U.S.C. § 6334(a)(1)-(3); *see* 18 U.S.C. § 3613(a). Deshetler cites no law to the contrary. Under these circumstances, Deshetler has failed to show any error at all, much less an obvious one. *See Quinn*, 863 F.3d at 358.

He also, for the first time, invokes the exemption for undelivered mail, but he does not allege that any undelivered mail was garnished or seized. *See* 26 U.S.C. § 6334(a)(5). Rather, he incorrectly invokes that exemption in connection with his contention that the writ itself was not delivered to him by mail. Accordingly, Deshetler has not shown that an error occurred. *See Quinn*, 863 F.3d at 358.

2

No. 24-40506

Additionally, Deshetler contends that the garnishment order was contrary to a restitution payment plan. However, the restitution judgment provided for immediate payment of the whole restitution amount, and it did not establish any installment payment plan. Thus, the Government was not precluded from seeking garnishment. *See United States v. Diehl*, 848 F.3d 629, 633-35 (5th Cir. 2017). Accordingly, even if this issue was preserved, Deshetler has not shown an abuse of discretion.

Finally, Deshetler's conclusory arguments concerning lack of service and the allegedly punitive nature of the garnishment are inadequately briefed. They are thus waived. *See United States v. Reagan*, 596 F.3d 251, 254-55 (5th Cir. 2010); *Yohey v. Collins*, 985 F.2d 222, 224-25 (5th Cir. 1993).

Accordingly, the order of garnishment is AFFIRMED. The Government's motion for summary affirmance and its alternative motion for an extension of time in which to file a brief are therefore DENIED as moot.