# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

October 1, 2025

Lyle W. Cayce
Clerk

—————

No. 24-11024

—————

METROPOLITAN LIFE INSURANCE COMPANY

*Plaintiff*,

*versus*

REBECCA D. VASQUEZ,

*Defendant—Appellant*,

*versus*

ELVIRA S. AVELAR,

*Defendant—Appellee*.

———————————————————

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:24-CV-9

———————————————————

Before ELROD, *Chief Judge*, and CLEMENT and HAYNES, *Circuit Judges*.

PER CURIAM:[*]

———————————————

[*] This opinion is not designated for publication. *See* 5TH CIR. R. 47.5.

No. 24-11024

This case involves two parties seeking recovery of insurance on behalf of the Insured, who sadly passed away. The two parties, the Insured's mother and widow, both claim entitlement to the Insured's Federal Employees' Group Life Insurance proceeds. Accordingly, the insurer filed this interpleader action. At summary judgment, the district court held that a beneficiary designation form was not "received" under the Federal Employees' Group Life Insurance Act, despite evidence that the Insured handed the form to Human Resources personnel. We disagree with the district court's interpretation of the term "received" and hold that the witness testimony is sufficient to create a fact issue as to whether the form was received. Accordingly, we REVERSE the district court's grant of summary judgment and REMAND.

## I.    Background

The Insured, John Mario Vasquez, Jr., worked for many years as an aircraft technician for the Defense Contract Management Agency, a division of the Department of Defense ("DoD"). He worked at the Dallas Army Aviation Support Facility. As a federal employee, the Insured had coverage under the Federal Employees' Group Life Insurance ("FEGLI") program. This program is governed by the Federal Employees' Group Life Insurance Act ("FEGLIA"), 5 U.S.C. § 8701, *et seq.*

Given his authorization to do so, the Insured first elected basic FEGLI coverage in 2007. The Insured executed a beneficiary designation form naming his mother, Elvira S. Avelar, as the primary beneficiary.

A few years later, the Insured married Rebecca D. Vasquez. Soon after marrying Vasquez, the Insured was informed that he would be deploying to Afghanistan. This prompted the Insured to execute a subsequent beneficiary designation form in 2013 naming Vasquez as the primary beneficiary under his FEGLI policy. The Insured's supervisor at the time, Benjamin Hale,

claims to have seen the Insured photocopy the form and then deliver the form to the Human Resources officer on duty at the Dallas facility.

The Insured died on September 7, 2021, due to complications resulting from COVID-19. After the Insured's death, both Avelar and Vasquez made claims for the FEGLI benefits.

The DoD informed Metropolitan Life Insurance Company ("MetLife"), the FEGLI program administrator, that the only beneficiary designation form in the Insured's personnel file was from 2007, naming Avelar as the primary beneficiary. The DoD was unable to locate a copy of the Insured's 2013 beneficiary designation form. MetLife determined that Avelar had established a valid claim to the FEGLI benefits, and MetLife denied Vasquez's claim. Vasquez submitted a subsequent claim for the proceeds, including with the claim a copy of the 2013 beneficiary designation form, but that claim too was denied. Vasquez, however, continued to pursue her claim.

MetLife later filed this interpleader action to finally resolve the conflicting claims made by Avelar and Vasquez. Avelar and Vasquez filed cross-motions for summary judgment.

The district court held that a beneficiary designation form must contains some "indicia of receipt" or be present in an insured's personnel file to be effective. The district court denied Vasquez's motion for summary judgment and granted Avelar's motion. Vasquez promptly appealed.

## II.    Discussion

"We review grants of summary judgment de novo, applying the same standard as the district court." *Queen v. United States*, 99 F.4th 750, 752 (5th Cir. 2024) (citation omitted). "The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and

the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "We likewise review de novo the district court's determination of underlying questions of law, including those of statutory interpretation." *Transamerica Life Ins. Co. v. Moore*, 105 F.4th 823, 826 (5th Cir. 2024) (emphasis omitted).

Congress enacted FEGLIA in 1954 "to provide low-cost group life insurance to Federal employees." *Hillman v. Maretta*, 569 U.S. 483, 486 (2013) (citation modified). With respect to the order of precedence for payment of benefits, FEGLIA provides, in relevant part, that payment shall first be made "to the beneficiary or beneficiaries designated by the employee in a signed and witnessed writing *received* before death in the employing office." 5 U.S.C. § 8705(a) (emphasis added).

The applicable regulations state that "[t]he completed designation of beneficiary form may be submitted to the appropriate office via appropriate methods approved by the employing office," and the office "must receive the designation before the death of the insured." 5 C.F.R. § 870.802(b) (2025). The insured may change the designated beneficiary "at any time." *Id.* § 870.802(f).

Before examining the summary judgment evidence, we must first discuss the meaning of "received" as used in FEGLIA. Vasquez argues that, when construing this term, the district court created a rule unsupported by FEGLIA's text.

The district court found the meaning of "received" dispositive. The district court concluded that the term "received," as used in FEGLIA, requires that a beneficiary designation form bear some "indicia of receipt" (a notation from the employing office such as a signature or stamp) or be present in an insured's personnel file. In defense of the district court's decision below, Avelar contends that the district court's interpretation correctly

No. 24-11024

"synthesized" FEGLIA's plain language, the associated regulatory framework, and case law applying FEGLIA. We disagree.

We confronted a similar issue in *Coomer v. United States*, 471 F.2d 1 (5th Cir. 1973). In *Coomer*, we addressed "the question of what constitutes receipt" under the Servicemen's Group Life Insurance Act ("SGLIA").[1] *Id.* at 5. Our interpretation of SGLIA is particularly helpful in this context because SGLIA's structure "was modeled after the provisions of" FEGLIA. *Stribling v. United States*, 419 F.2d 1350, 1353 (8th Cir. 1969). Indeed, "FEGLIA includes an order of precedence that is nearly identical to the one in SGLIA." *Hillman*, 569 U.S. at 493 (citation modified). Both require that a written beneficiary designation be "received by the Federal Government," *Stribling*, 419 F.2d at 1353,[2] and "similar language in similar statutes should be interpreted similarly." *BNSF Ry. Co. v. United States*, 775 F.3d 743, 756 (5th Cir. 2015) (citation omitted).

In addition to concerning a similar law, *Coomer*'s facts are also quite similar to those presented in this appeal. While stationed in Vietnam, Richard E. Coomer, a petty officer in the United States Navy, purchased a life insurance policy through the Servicemen's Group Life Insurance program. *Coomer*, 471 F.2d at 2. Coomer filled out a form designating his father as the primary beneficiary under the policy. *Id.* Witness testimony explained that Coomer then handed that form to the individual in charge of maintaining

---

[1] SGLIA is now codified at 38 U.S.C. § 1965, *et seq.*, and the program has been redesignated as the Servicemembers' Group Life Insurance program.

[2] *Compare* 5 U.S.C. § 8705(a) (payment shall first be made "to the beneficiary or beneficiaries designated by the employee in a signed and witnessed writing *received before death in the employing office*" (emphasis added)); *with* 38 U.S.C. § 1970(a) (payment shall first be made "to the beneficiary or beneficiaries as the member or former member may have designated by a writing *received prior to death . . . in the uniformed services*" (emphasis added)).

records. *Id.* at 5. After Coomer's death, the Navy inspected his personnel file but did not find a beneficiary designation form, so the insurance company directed the proceeds to Coomer's widow. *Id.* at 3.[3] But after discovering the beneficiary designation form in Coomer's personal effects, Coomer's parents filed suit. *Id.* The district court, resembling the district court's conclusion in this appeal, held that Coomer's widow was entitled to the proceeds because for a beneficiary designation form to be received, it must exist in the serviceman's official records. *Id.*

While acknowledging that we were not required to "define the precise outer limits of the term," we held that "[w]hatever receipt means, it certainly occurs when the serviceman hands the writing naming the beneficiary to the person whom the Navy has put in charge of receiving and maintaining the beneficiary designation forms." *Id.* at 5. What happens after the form is received and out of the serviceman's control "cannot vitiate the validly expressed intent of the insured." *Id.*

Accordingly, the term "received," as used in FEGLIA, does not require that the beneficiary designation form bear some indicia of receipt or be present in an insured's personnel file. Though we need not identify the term's outer limits, consistent with our interpretation of SGLIA, a beneficiary designation form is "received" for purposes of FEGLIA when an insured individual hands the form to an appropriate person at the insured's employing office. 5 U.S.C. § 8705(a); *see also Coomer*, 471 F.2d at 5.

We must next determine whether Vasquez's evidence was sufficient to avoid summary judgment on this issue. Vasquez contends that she

---

[3] Under SGLIA, like FEGLIA, if no designation is made, proceeds are next paid to the widow or widower. 5 U.S.C. § 8705(a); 38 U.S.C. § 1970(a).

No. 24-11024

provided sufficient evidence that the Insured's 2013 beneficiary designation form was received by the DoD or, in the alternative, that she has presented evidence sufficient to create a fact issue as to whether the form was received. Avelar, in her motion for summary judgment, relies primarily on the 2007 beneficiary designation form from the Insured's personnel file. Vasquez does not contest that the 2007 form is competent summary judgment evidence.

In response to Avelar's motion for summary judgment, Vasquez provided, among other things, the 2013 beneficiary designation form and Hale's declaration. The 2013 beneficiary designation form is appropriately signed by the Insured and two witnesses. 5 U.S.C. § 8705(a); 5 C.F.R. § 870.802(b). As for Hale's declaration, over Avelar's objection, the district court concluded that the declaration was competent summary judgment evidence. Evidence of receipt may take various forms, including witness testimony. *See Coomer*, 471 F.2d at 5 (holding that deposition testimony established that a beneficiary designation form had been received).

In his declaration, Hale states that he "personally watched" the Insured sign the 2013 beneficiary designation form, and then Hale and another signed the form as witnesses. He watched the Insured make a copy of the form, along with other forms. Hale then "accompanied" the Insured "to the Human Resources office on site at the Dallas [facility] to make sure that the appropriate HR personnel was present." He watched the Insured turn in the form to "the HR personnel on duty at the Dallas [facility]." Hale explained that he can remember these events years later because he was in charge of making sure that the Insured completed the form, along with other paperwork, prior to deploying to Afghanistan.

Avelar takes issue with Hale's "decade-old testimony." But Avelar's assertions amount to credibility attacks, and it is well settled that determining

7

credibility is not appropriate at the summary judgment stage. *Guzman v. Allstate Assurance Co.*, 18 F.4th 157, 160 (5th Cir. 2021) (citation omitted).

Thus, in looking at the evidence Vasquez presented, it is not sufficient to grant her summary judgment, but it does provide factual opposition to Avelar's summary judgment. Accordingly, we hold that Vasquez's evidence raises a genuine dispute of material fact as to whether the form was received under the terms of § 8705(a).[4] Thus, the case must be remanded back to the district court to allow for a trial on the merits.

### III.    Conclusion

For the foregoing reasons, we REVERSE the district court's grant of Avelar's motion for summary judgment and REMAND for further proceedings consistent with this opinion.

---

[4] The district court declined to address whether delivering the form to the Human Resources official on duty at the Dallas facility satisfied § 8705(a)'s requirement that the form be received by the employing office. That factual issue shall be considered in the district court.